Argued and submitted on defendant's answer to alternative writ
January 10, peremptory writ disallowed August 1, 1974

## STATE ex rel ADVANCED DICTATING SUPPLY, INC. et al, *Relators, v.* DALE, *Defendant.*

524 P2d 1404

*Ridgway K. Foley, Jr.,* Portland, argued the cause for relators. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe, A. Allan Franzke and Henry C. Willener, Portland.

*James W. McClurg,* Portland, argued the cause for defendant. With him on the brief were Kennedy & King, Portland.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

DENECKE, J.

East commenced a defamation action in Oregon against the relators, Advanced Dictating Supply, Inc., and Roth. Dictating, Inc., is a Florida corporation selling Stenorette dictating equipment and Roth is its president. East claims jurisdiction over relators under ORS 14.035, the "long-arm" statute. The relators filed a motion to quash return of service upon the ground that jurisdiction could not be secured against them. The trial court, the defendant in this proceeding, denied the motion. Relators petitioned this court to issue a writ of mandamus and we issued an alternative writ. This proceeding is to determine whether a peremptory writ of mandamus should be issued to the defendant judge ordering him to quash the return of service.

There are two issues, one procedural and the other substantive. The first is whether we can look beyond the allegations of the complaint to determine whether Oregon can gain jurisdiction over the relators. The substantive issue is whether the relators committed a tort or transacted business in Oregon.

The complaint alleged Dictating, Inc., "is engaged in the business of selling Stenorette dictating machines and other communications equipment in the State of Oregon." Plaintiff also alleged "defendants also committed the acts of libel and slander within the State of Oregon." Defendants assert that those are statements of conclusions of law and not of "ultimate facts" and, therefore, are insufficient to establish jurisdiction. We need not answer that contention because we hold jurisdiction can be proved by means other than the allegations of the complaint.

The relators supported their motion with the affidavits of Henry Libby, an official of the Oregon Court Reporters Association, and Barry Roth, a relator. At the hearing the plaintiff East put Libby on the witness stand and over objection elicited testimony from Libby. At the hearing, the relators' position appeared to be that the competent allegations of the complaint must be sufficient to establish jurisdiction under the long-arm statute. In their reply brief and on oral argument relators concede that in some circumstances more than the complaint can be considered. Relators argue that the defendants in the principal action can submit affidavits and the plaintiff in the principal action can submit counter-affidavits which must be restricted to contesting new facts raised by the defendant's affidavits and this is all that can be considered; therefore, they contend the trial court erred in receiving the oral testimony of Libby.

Relators rely upon that part of the opinion in *State ex rel Western Seed v. Campbell,* 250 Or 262, 442 P2d 215, cert den 393 US 1093, 89 S Ct 862, 21 L Ed2d 784 (1967), which stated: "The validity of the challenged 'long-arm' service, under ORS 14.035, depends

upon whether the originating complaint alleges the 'commission of a tortious act within this state.' " 250 Or at 264. The context of that statement indicates that it was intended to mean that the complaint must allege a cause of action in tort, not that it must necessarily allege facts which would give the Oregon court personal jurisdiction over persons outside Oregon. We noted in *State ex rel Ware v. Hieber*, 267 Or 124, 515 P2d 721 (1973), that the jurisdictional facts were presented by the allegations in the complaint and by affidavits. The same procedure was followed in *Neptune Microfloc, Inc. v. First Florida Util., Inc.*, 261 Or 494, 495 P2d 263 (1972). ORS 45.120 expressly authorizes the use of affidavits "upon a motion."

Relators' ground for objection to the oral testimony seems to be that such a procedure is unfair and puts too great a burden upon relators because in a practical sense it would put pressure on the relators to come to Oregon to testify in person.

An affidavit is an inferior method of proof. An affidavit does not permit cross-examination of the witness. Oral testimony of a "live" witness is the most satisfactory method of introducing evidence. We know of no reason why the establishment of facts bearing on a motion to quash should be limited to inferior methods of proof. Admittedly, receiving oral testimony from witnesses produced by one party may cause the opposing party to decide that he must personally come to testify to meet the persuasiveness of live testimony. A hearing on any issue in the proceeding may require the party's presence. This possible hardship, however, should not prevent the use of the procedures best adapted to enable the trier of the facts to competently find the facts.

■ We hold that in determining whether the defendants are subject to long-arm jurisdiction the trial court can consider the allegations of the complaint and the allegations of any affidavit and the oral testimony of any witness.

The defendant contends the Oregon court had jurisdiction over the relators either because the cause of action alleged arose from "(a) The transaction of any business within this state;" or "(b) The commission of a tortious act within this state." ORS 14.035.

We do not consider whether the relators were transacting business in Oregon. We hold that there was evidence from which the trial court could have determined that the relators committed a tort in Oregon.

The plaintiff, East, alleged in his complaint that he sold Stenorette dictating machines in Oregon and "the defendants libelled and slandered plaintiff by stating in writing and orally that plaintiff was wanted by the F. B. I. for transportation of stolen Stenorettes," and made other defamatory statements, specifying such statements, that these statements were false, were published maliciously, and were made within the State of Oregon. The affidavit of Libby submitted by relators stated that Libby had heard rumors regarding East; Libby talked to East and Libby called from Oregon a number in Florida given to him by East. Roth stated in an affidavit submitted by relators that he had received a call from Oregon asking about certain things the caller had heard about East.

■ Mr. Libby testified that from Oregon he called Dictating, Inc., in Florida and talked to Mr. Roth. Mr. Roth told him that it was true that the FBI wanted the plaintiff, East, for transporting stolen Stenorettes.

This is sufficient evidence for the trial court to find that a slanderous statement was published in Oregon.

■ Publication or communication of the defamatory statement is an essential element of an action for defamation. Here, the publication was to Libby and occurred in Oregon.

In *Buckley v. New York Post Corporation,* 373 F2d 175 (2d Cir 1967), the Post was held amenable to a libel suit in Connecticut under Connecticut's long-arm statute. About 2,000 copies of the Post were distributed in Connecticut. Judge Friendly wrote: "* * * [I]t would seem hard to deny that distributing two thousand copies of a libel about a resident of Connecticut is 'tortious conduct in this state.' * * *." 373 F2d at 178.

*Murphy v. Erwin-Wasey, Inc.,* 460 F2d 661 (1st Cir 1972), was an action for fraudulent misrepresentation. Defendant agreed to pay plaintiff 3 and 1/3 per cent of defendant's billings. Plaintiff contends that defendant sent him false representations of its billings. Defendant was a foreign corporation with no connection with Massachusetts except for sending the allegedly false representations through the mail to the plaintiff in Massachusetts. The court held the defendant was subject to the jurisdiction of Massachusetts. "* * * Where a defendant knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a, resident of that state, he has, for jurisdictional purposes, acted within that state. * * *." 460 F2d at 664.

■ Relators assert this was a "put up job" by East to induce relators to slander East in Oregon. The evidence can be construed to the contrary. There is evi-

dence that relators communicated derogatory statements about East in the State of Washington. Washington court reporters told Libby about these rumors and he asked East about them. Questioned by Libby, East identified the story and informed him that relators had published a bulletin to this effect and the bulletin contained Dictating, Inc.'s, telephone number in Florida. Libby stated this prompted his call. Based upon this evidence the trial court could find the relators, not East, induced the call.

Relators seem to argue that a single tort committed in Oregon is not sufficient to establish jurisdiction; that there must be more significant contacts. We rejected this argument in *Myers v. Brickwedel,* 259 Or 457, 461, 486 P2d 1286 (1971):

> "Defendant's contention that a 'single tortious act' within a state cannot provide a constitutional basis for the exercise of personal jurisdiction where the plaintiff is not a resident of the state, so as to give it no 'special reason' to protect the interests of its own residents from injury by nonresidents, must also be rejected."

(In *Myers* both parties were nonresidents.)

The trial court correctly denied the motion to quash. Peremptory writ of mandamus is disallowed.

McALLISTER, J., concurs in the result.