## COE, *Appellant,*
### *v.*
## STATESMAN-JOURNAL COMPANY, *Respondent.*
### (No. 93141, SC 24618)
560 P2d 254

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Brown, Burt & Swanson, P. C., Salem.

Edward L. Clark, Jr., Salem, argued the cause for respondent. With him on the brief was Clark, Marsh & Lindauer, Salem.

Before Holman, Presiding Justice, and Howell, Lent, and Mengler, Justices.

HOLMAN, J.

**HOLMAN, J.**

This is an action seeking damages for an injury to plaintiff's reputation. A demurrer was sustained to plaintiff's complaint and he appeals from a judgment for defendant resulting from his refusal to plead further.

Plaintiff was a public official and candidate for public office. Defendant, a newspaper, published that a third party was a convicted embezzler with a criminal record. Subsequently and prior to the election, defendant negligently published a picture of plaintiff with a caption bearing the third party's name and, in the same publication, a picture of the third party bearing plaintiff's name.

One of the bases for the demurrer was that the complaint shows upon its face that the action was not commenced within one year from the date of the publication. ORS 12.120(2)[1] provides that actions for defamation must be commenced within one year. Plaintiff claims that because defendant *negligently* confused the pictures and captions, the general tort limitation statute, ORS 12.110(1), is applicable, rather than the one which limits the time within which actions of defamation may be brought.

Plaintiff is mistaken. There is no statute of limitations which covers actions of negligence specifically. ORS 12.110(1) provides:

> "(1) An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.
>
> "* * * * *."

---

[1] "12.120 Action on escape. * * *

"(2) An action for libel or slander shall be commenced within one year."

This statute is a catchall, covering all injuries to persons or the rights of another not specifically enumerated in the chapter. Defamation is specifically enumerated in the chapter by ORS 12.120(2). "The law of defamation protects the interest in reputation—the interest in acquiring, retaining and enjoying a reputation as good as one's character and conduct warrant." 1 Harper and James, The Law of Torts 349, § 5.1. An action to secure damages for an injury in a situation of this kind is an action for defamation, regardless of whether the publication was intentionally, negligently, or inadvertently made. See 1 Harper and James, *supra* at 364, § 5.5, and 451, § 5.27.

Since the demurrer was properly sustained on the basis that the action was not filed within the time limited by the statute, no need exists to consider the other issues presented.

The judgment of the trial court is affirmed.