Argued and submitted March 14, affirmed October 10, 1990

Timothy MAGENIS,
Kathy Magenis and
Kathy Magenis, guardian ad litem for
Julie Kathlyn Noyes, aka Magenis,
Brooks Robert Noyes, aka Magenis,
Whitney Tye Hogard and
Kursten James Hogard,
*Appellants,*

*v.*

FISHER BROADCASTING, INC.,
dba KATU Channel 2 Television,
and Sandy Poole,
*Respondents.*

(A8711-07059; CA A60093)

798 P2d 1106

Alexander A. Wold, Jr., Eugene, argued the cause for appellants. With him on the briefs was Dwyer, Simpson & Wold, P.C., Eugene.

John R. Faust, Jr., Portland, argued the cause for respondents. With him on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs appeal from a judgment entered after the trial court's dismissal of their claim for invasion of privacy by "false light" and the jury's verdict for defendants in their claim for invasion of privacy by intrusion upon seclusion. We affirm.

Plaintiffs, Timothy and Kathy Magenis and their four minor children, filed their complaint on November 18, 1987, alleging that defendants "trespassed upon * * * plaintiffs' seclusion" when they accompanied police officers, who were executing a warrant to search plaintiffs' residence, and filmed the raid with video cameras and that defendants placed them in a false light by broadcasting the film on television.

In the "false light" claim, plaintiffs allege, in part:

"Defendants unreasonably placed plaintiffs in a false light before the public by broadcasting over defendant Fisher Broadcasting, Inc.'s television station, KATU, on May 9, 1986, that plaintiffs were involved with stolen vehicles and narcotics."

It is apparent on the face of the complaint that the action was filed more than one year after the alleged publicity. The trial court reasoned that the essence of the claim was that plaintiffs had been libeled or slandered; accordingly, it struck the false light claim as to Timothy and Kathy, on the ground that it is barred by the one-year limitation applicable to libel and slander. ORS 12.120(2). Plaintiffs argue that, because "false light" is a theory of recovery for invasion of privacy and because it is not a necessary element of a false light claim that the plaintiff be defamed, the defamation Statute of Limitations does not apply. Rather, they contend that ORS 12.110(1), the "catch-all" tort limitation, is applicable.[1]

In *Dean v. Guard Publishing Co.,* 73 Or App 656, 699 P2d 1158 (1985), we held that the "false light" aspect of the tort of invasion of privacy is actionable in Oregon. We adopted the elements as stated in *Restatement (Second) Torts* § 652:

---

[1] ORS 12.110(1) provides:

"An action * * * for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years[.]"

"One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

"(a)   the false light in which the other was placed would be highly offensive to a reasonable person, and

"(b)   the actor has knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."

We recognized "false light" as a distinct tort:

"To place a person in a false light is akin to defamation, because it leads others to believe something about that person which is not true. If the false light is detrimental, it is foreseeable that the person will suffer an injury to reputation and possibly mental distress and other harms. A person is entitled to damages as redress for those injuries first [*sic*] as much as he or she would be for the more traditional torts such as slander and libel. Article I, section 10, of the Oregon Constitution guarantees every person remedy for injuries to reputation, and Article I, section 8, makes every person responsible for the abuse of the right 'to speak, write or print freely on any subject whatever.' The constitution does not require that we recognize the false light theory of invasion of privacy, but these sections show a general public policy to provide redress for wrongs of this kind. * * * The interests which a false light claim protects are similar to the interests which previously recognized torts protect, and the harms it remedies are similar to the harms previously recognized as calling for a remedy. Recognizing false light as a tort is a natural extention [*sic*] of previous law." 73 Or App at 659. (Citations omitted.)

■        As we stated in *Dean,* 73 Or App at 659, the torts of false light and defamation are similar. Both require proof that the published material was not true. They are theoretically distinct, however, in that a defamation action is primarily concerned with damage to reputation, while a claim of false light addresses the plaintiff's interest in being left alone and compensates for mental and emotional suffering resulting from the invasion. Prosser and Keeton, *Torts* 864, § 117 (5th ed 1984). A person need not be defamed to bring a false light claim:

"It is enough that he is given unreasonable and highly objectionable publicity that attributes to him characteristics, conduct or beliefs that are false, and so is placed before the public in a false position. When this is the case and the matter

attributed to the plaintiff is not defamatory, the rule here stated affords a different remedy, not available in an action for defamation." *Restatement (Second) Torts* § 652E, *comment b.*

Thus, although not all false light cases are actionable as defamation, all defamation cases involving publicity are potentially actionable as false light claims. When the published statement complained of is both false and defamatory, the plaintiff may proceed on either theory, or both. *Brink v. Griffith,* 65 Wash 2d 253, 396 P2d 793 (1964).

Some courts, focusing on the fact that the tort of false light is distinct from defamation, have held that it should be treated separately for purposes of the Statute of Limitations. They generally conclude, as plaintiffs here contend, that the "catch-all" tort limitation should apply. *See Rinsley v. Brandt,* 446 F Supp 850 (D Kan 1977).

The similarities of the two torts have led other courts to conclude that the Statute of Limitations for defamation should apply to the tort of false light. *Smith v. Esquire, Inc.,* 494 F Supp 967 (D Md 1980); *Wiener v. Superior Court of Los Angeles County,* 58 Cal App 3rd, 130 Cal Rptr 61 (1976); *Eastwood v. Cascade Broadcasting Co.,* 106 Wash 2d 466, 722 P2d 1295 (1986). In *Smith,* the court reasoned that to hold otherwise would allow the plaintiff in any defamation action where there has been a general publication to avoid the one year statute merely by characterizing the claim as invasion of privacy. *Smith v. Esquire, Inc., supra,* 494 F Supp at 970.

No Oregon case has addressed the question. However, the Supreme Court's decision in *Coe v. Statesman-Journal Co.,* 277 Or 117, 560 P2d 254 (1977), leads us to conclude that the defamation limitation applies. There, the plaintiff was a public official who was also a candidate for public office. Before the election, the defendant published in its newspaper an article about a third party who was a convicted embezzler with a criminal record and published a picture of the plaintiff with a caption bearing the third party's name and a picture of the third party bearing the plaintiff's name. The plaintiff filed a claim for negligent injury to his reputation.

In deciding that ORS 12.120(2), the libel and slander statute, applied, the court reasoned that an action seeking damages for injury to reputation is defamation, whether the

defendant's alleged acts were negligent, inadvertent or intentional. Similarly, here, although plaintiffs characterized their claim as "false light," the alleged false light—that "plaintiffs were involved with stolen vehicles and narcotics"—is plainly defamatory. Plaintiffs could have filed a claim for defamation. That being the case, we conclude that the specific defamation Statute of Limitations controls. To hold otherwise would permit a plaintiff to elect the longer limitation period of ORS 12.110(1) simply by characterizing a defamation claim as one for false light. We conclude that, when a claim characterized as false light alleges facts that also constitute a claim for defamation, the claim must be filed within the period for bringing a defamation claim. We affirm the trial court's ruling that the false light claims of Timothy and Kathy are barred by ORS 12.120(2).

■     Although the Statute of Limitations was tolled as to the minor children,[2] the trial court dismissed the false light claim with respect to them on the ground that they had failed to seek a retraction of defendants' broadcast, as required by ORS 30.160, which provides, in part:

"(1)   In an action for damages on account of a defamatory statement published or broadcast in a newspaper, magazine, other printed periodical, or by radio, television or motion pictures, the plaintiff shall not recover general damages unless:

"(a)   A correction or retraction is demanded but not published * * *[.]"

Plaintiffs do not argue that they were excused from seeking retraction because they are minors. Rather, they contend that, because the claim is for false light, not defamation, the statute, on its face, is not applicable. As we have stated, although plaintiffs have characterized their claim as false light, the alleged publication would be defamatory. ORS 30.160 applies to any action "on account of a defamatory statement." We

---

[2] ORS 12.160 provides:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050 and 12.070 to 12.250 is:

"(1) Within the age of 18 years,

"* * * * *

"(3) * * * the time of such disability shall not be a part of the time limited for the commencement of the action[.]"

conclude, therefore, that the minor plaintiffs were required to seek a retraction from defendants as a prerequisite to bringing their false light claim. Given plaintiffs' arguments, the trial court did not err in dismissing the claim.

■　　　Plaintiffs assign error to the trial court's admitting an exhibit describing defendants' broadcast and explaining the source of each statement in it. They argue that the exhibit is irrelevant, because the court had struck the "false light" claim relating to the broadcast and the only remaining allegation of invasion of privacy related to the physical intrusion into defendants' residence. Although there is some question as to whether plaintiffs preserved this error, we conclude that the trial court was correct in ruling that the evidence was admissible. In their case-in-chief, plaintiffs showed the broadcast to the jury and offered evidence that none of the broadcast was true. Defendants were entitled to rebut that evidence by showing the truth of the broadcast.

■　　　Plaintiffs also assign error to the court's denying their motion for a directed verdict:

"[Plaintiffs' counsel]: I'd like to renew my motion for a directed verdict on the issue of whether the defendants had a right to enter the property."

They contend that defendants had no right to enter their property without permission, that they were trespassers and that, as a result, their entry was unreasonable as a matter of law.

Plaintiffs' claim, however, is for invasion of privacy, not trespass. It is not sufficient that they prove that defendants entered their property without permission. In *McLain v. Boise Cascade Corp.,* 271 Or 549, 556, 533 P2d 343 (1975), the Supreme Court held that the general rule permitting recovery for invasion of privacy is stated in *Restatement (Second) Torts,* § 652B:

"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonab' · person."

As the Supreme Court stated, "Trespass alone cannot automatically change an otherwise reasonable surveillance into an

unreasonable one." In determining whether the defendant's conduct was tortious, the fact that it constituted an unlawful trespass is only one factor to be considered. Presumably, a jury could find other factors relevant to whether the defendant's conduct was "highly offensive," including the extent of the intrusion, the context, conduct and circumstances surrounding the intrusion, the defendant's motives, the setting into which defendant intruded and the plaintiff's expectation of privacy. *See Miller v. Nat. Broadcasting, Co.,* 187 Cal App 3rd 1463, 232 Cal Rptr 668 (1986). The trial court correctly allowed the jury to decide that question.

■     The trial court instructed the jury:

"I instruct you that not every intrusion is wrongful. In order for the defendants' conduct to constitute an invasion of privacy, their conduct must have been intrusive and highly offensive to a reasonable person. *It is for you the jury to determine if Channel 2's conduct was intrusive beyond merely entering the plaintiffs' property.*

"In order to determine whether the conduct of Ms. Poole and Channel 2 was reasonable, not highly offensive, you are to consider all of the evidence presented at trial.

*"Unless Channel 2 entered the plaintiffs' property in a highly obtrusive and offensive manner, you must return a verdict * * * in Channel 2's favor."* (Emphasis supplied.)

Plaintiffs contend that the first emphasized portion is misleading. It is not and, as we have stated, it is a correct statement of the law.

Plaintiffs contend that the second emphasized portion wrongly suggests to the jury that defendants must prevail. The Supreme Court has held that it is not error to refuse to give an instruction in such a form, *Gintner v. Handy,* 244 Or 449, 451, 419 P2d 21 (1966), because telling the jury that it *must* return a particular verdict "destroys the neutral form that instructions should have." 244 Or at 451. Considering the instruction as a whole, however, we conclude that the jury was not misled and that giving the instruction was not reversible error. *See Thomas v. Inman,* 282 Or 279, 578 P2d 399 (1978).

Affirmed.