Argued and submitted May 6, decision of the Court of Appeals and judgment of the circuit court affirmed in part and reversed in part and case remanded to the circuit court for further proceedings October 31, 1996

Linda DOWNS,
*Respondent on Review,*

*v.*

WAREMART, INC.,
*Petitioner on Review.*

(CC 92C11646; CA A84549; SC S42799)

926 P2d 314

William H. Walters, of Miller, Nash, Wiener, Hager & Carlsen, Portland, argued the cause for petitioner on review. With him on the briefs was Thomas C. Sand.

William D. Stark, Salem, argued the cause and filed the brief for respondent on review.

Paula A. Barran, of Lane Powell Spears Lubersky, Portland, filed a brief for *amicus curiae* Oregon Association of Defense Counsel.

James M. Baumgartner, of Black Helterline, Portland, filed a brief for *amicus curiae* Associated Oregon Industries.

Kevin Keaney, of Pozzi Wilson Atchison, Portland, filed a brief for *amicus curiae* Oregon Trial Lawyers Association.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

GRABER, J.

---

** Unis, J., retired June 30, 1996, and did not participate in this decision.

## GRABER, J.

The question before us is whether plaintiff in this case sufficiently pleaded the publication element of the tort of defamation, using a theory of "compelled self-publication."[1] We answer that question "no."

The trial court granted defendant's motion, made pursuant to ORCP 21 A(8),[2] to dismiss plaintiff's claim for defamation based on a theory of "compelled self-publication."[3] Therefore, we assume the truth of all well-pleaded facts alleged in the complaint and give plaintiff, as the non-moving party, the benefit of all favorable inferences that may be drawn from those facts. *Stringer v. Car Data Systems, Inc.*, 314 Or 576, 584, 841 P2d 1183 (1992), *recons den* 315 Or 308, 844 P2d 905 (1993).

As now pertinent, in her claim for defamation based on a theory of "compelled self-publication," plaintiff alleged that defendant, her employer, wrongfully discharged her after she had performed her job well for seven years. She further alleged that defendant's store manager

---

[1] We use the phrase "compelled self-publication" to refer to the theory that a plaintiff can satisfy the publication element of the tort of defamation by "self-publishing" a defamatory statement to a third party under "compulsion," even though the defamer made the statement only to the plaintiff. We use the phrase "ordinary publication" to refer to the defamer's communication of a defamatory statement about the plaintiff to a third party.

[2] ORCP 21 A(8) provides:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to constitute a claim * * *."

[3] In her complaint and her amended complaint, plaintiff asserted claims for wrongful discharge, breach of contract, breach of an implied covenant of good faith, intentional infliction of severe emotional distress, and invasion of privacy, as well as for defamation based on two kinds of publication: ordinary publication and "compelled self-publication." After a series of pretrial defense motions, the trial court dismissed all the claims. The Court of Appeals affirmed the trial court with respect to all except defamation. Plaintiff did not seek review, and we do not consider the Court of Appeals' decision respecting the claims other than defamation. Defendant did not seek review of the Court of Appeals' decision respecting the defamation claim based on ordinary publication, and we do not consider that claim on the merits.

"called plaintiff into his office and * * * showed her printed false reasons for her termination * * *[:]

"1. 'Dishonesty;

"2. Mishandling of company funds;

"3. Performing acts which constitute a violation of the law, and tend to bring discredit to the company or harm employee morale.'

"Defendant could foresee that plaintiff would be compelled to communicate the false reasons to prospective employers.

"Plaintiff is compelled to communicate the false reasons for her termination to prospective employers to explain her sudden removal after such lengthy employment with the defendant."

Plaintiff did not allege that she had communicated any of the "false reasons" to any prospective employer or to anyone else.

As noted, the trial court granted defendant's motion to dismiss on the ground that plaintiff failed to state a claim for defamation based on a theory of "compelled self-publication." The Court of Appeals reversed. *Downs v. Waremart, Inc.*, 137 Or App 119, 903 P2d 888 (1995). That court noted the general rules that "[p]ublication of a defamatory statement to a third party is an essential element of a defamation action" and that, "[g]enerally, a defamer is not liable for a plaintiff's voluntary disclosure, *i.e.*, self-publication, of a defamatory statement to third parties." 137 Or App at 127 (citations omitted).[4] The Court of Appeals then considered whether to recognize an exception to those general rules and concluded:

"On balance, we are persuaded by the reasoning of those courts that have recognized compelled self-publication defamation. Accordingly, we hold that a claim for such defamation in the employment context is cognizable under Oregon law * * *." *Id.* at 131.

---

[4] Oregon recognizes that consent to the publication of defamatory matter precludes recovery for defamation. *Lee v. Paulsen*, 273 Or 103, 539 P2d 1079 (1975); *Christensen v. Marvin*, 273 Or 97, 539 P2d 1082 (1975).

For the reasons that follow, we reverse the decision of the Court of Appeals on that issue and affirm the trial court's dismissal of plaintiff's defamation claim based on a theory of "compelled self-publication."

In *Wallulis v. Dymowski*, 323 Or 337, 342-43, 918 P2d 755 (1996), this court wrote:

> "To establish a claim for defamation, a plaintiff must show, first, that the defendant made a defamatory statement about the plaintiff. *Andreason v. Guard Publishing Co.*, 260 Or 308, 310-12, 489 P2d 944 (1971); *Farnsworth v. Hyde*, 266 Or 236, 238-39, 512 P2d 1003 (1973). Second, '[p]ublication or communication of the defamatory statement is an essential element of an action for defamation.' *State ex rel Advanced Dictating v. Dale*, 269 Or 242, 247, 524 P2d 1404 (1974). In general, a statement is published when it is communicated to a third party. *See id.* at 246-47 (defamatory statement made over the telephone to a third party constituted publication); *see also Restatement (Second) of Torts*, § 577(1) (1977) ('[p]ublication of defamatory matter is its communication intentionally or by a negligent act to one other than the person defamed'); W. Page Keeton, ed, *Prosser and Keeton on the Law of Torts*, § 113, at 797 (5th ed 1984) ('[I]t is essential to tort liability * * * that the defamation be communicated to someone other than the person defamed. This element of communication is given the technical name of "publication." ' (footnote omitted)). In other words, if a person makes a defamatory statement about another person, but that statement is not conveyed to a third party, no publication has occurred."

The court held in *Wallulis* that a defamatory statement concerning the work-related conduct of one employee, made by another employee of the same corporate employer to their mutual supervisor, is actionable. *Id.* at 347.

In the present defamation claim based on a theory of "compelled self-publication," there is no allegation that any third party in fact learned of defendant's allegedly "false reasons" for firing her.[5] Thus, the claim contains no allegation of

---

[5] Plaintiff separately claimed that defendant's store manager and assistant manager had told other employees of defendant that plaintiff had been fired for dishonesty involving the mishandling of company funds. With respect to that defamation claim based on ordinary publication, the trial court granted summary

publication. As this court said in *Wallulis*, "if a person makes a defamatory statement about another person, but that statement is not conveyed to a third party, no publication has occurred." 323 Or at 343.

As did the Court of Appeals, we recognize that there is a split of authority elsewhere on the question whether a plaintiff can satisfy the publication element of the tort of defamation by using a theory of "compelled self-publication."[6] It is not appropriate to resolve that question in this case, however, because plaintiff did not allege that she in fact had communicated the allegedly defamatory statements to a third party.

Even in states that recognize "compelled self-publication," no case has held that the publication element of the

---

judgment to defendant on the ground that a qualified privilege applied. The Court of Appeals reversed, 137 Or App at 134-37, because of a genuine issue of material fact as to whether defendant had abused the applicable qualified privilege. Additionally, plaintiff separately claimed that a nonsupervisory employee had made a defamatory statement to a customer. The trial court granted summary judgment to defendant on the ground that the nonsupervisory employee was acting outside the scope of her employment when she made the statement, and the Court of Appeals agreed. *Id.* at 137-38. Neither of those rulings is before us on the merits.

[6] Five state courts of last resort have addressed the issue. Two decline to recognize the doctrine of "compelled self-publication": *Gore v. Health-Tex, Inc.*, 567 So 2d 1307 (Ala 1990); *Lunz v. Neuman*, 48 Wash 2d 26, 290 P2d 697 (1955). Three supreme courts have recognized the doctrine: *Churchey v. Adolph Coors Co.*, 759 P2d 1336 (Colo 1986); *Belcher v. Little*, 315 NW2d 734 (Iowa 1982); *Lewis v. Equitable Life Assur. Soc.*, 389 NW2d 876, 888 (Minn 1988). Intermediate appellate courts in four jurisdictions have refused to recognize the doctrine of "compelled self-publication" defamation: *Layne v. Builders Plumbing Supply Co. Inc.*, 210 Ill App 3d 966, 569 NE2d 1104 (1991); *Parsons v. Gulf & South American Steamship Co. Inc.*, 194 So 2d 456 (La App), *cert den* 389 US 896 (1967); *Weider v. Chemical Bank*, 608 NYS2d 195, 202 AD2d 168 (1994); *Yetter v. Ward Trucking Corp.*, 401 Pa Super 467, 585 A2d 1022 (1991). In four jurisdictions, intermediate appellate courts have recognized the doctrine: *McKinney v. County of Santa Clara*, 110 Cal App 3d 787, 168 Cal Rptr 89 (1980); *Colonial Stores, Inc. v. Barrett*, 73 Ga App 839, 38 SE2d 306 (1946); *Grist v. Upjohn Co.*, 16 Mich App 452, 168 NW2d 389 (1969); *Neighbors v. Kirksville College of Osteopathic Medicine*, 694 SW2d 822 (Mo App 1985). In addition, the appellate courts in Texas are split on the question whether to recognize the doctrine. *Compare Chasewood Const. Co. v. Rico*, 696 SW2d 439 (Tex App 1985), and *First State Bank of Corpus Christi v. Ake*, 606 SW2d 696, 701-02 (Tex App 1980) (both recognizing the doctrine) *with Doe v. Smithkline Beacham Corp.*, 855 SW2d 248, 259 (Tex App 1993) (refusing to recognize the doctrine), *overruled on other grounds* 903 SW2d 347 (Tex 1995). We also note that, in some of the jurisdictions that recognize the doctrine, later cases and later legislation have narrowed or eliminated its application.

tort of defamation is satisfied in the absence of actual self-publication to a third party. By contrast, in at least two states that recognize the doctrine, courts have ruled expressly that *actual* "self-publication" is necessary to support the publication element of the tort of defamation.

In *Merritt v. Detroit Memorial Hospital*, 81 Mich App 279, 265 NW2d 124 (1978), the plaintiff had been employed by the defendant, a hospital. The defendant fired the plaintiff for allegedly violating a work rule that prohibited the use of drugs. The plaintiff brought a defamation action. Relying on a theory of "compelled self-publication," she asserted that she was compelled to disclose the reasons for her termination to prospective employers. The appellate court noted that the "plaintiff concealed her previous employment at [the] defendant hospital from the employers to whom she subsequently applied" except one, Zieger Hospital. 265 NW2d at 127. Because neither the defendant nor the plaintiff had communicated the reason for the plaintiff's termination to the prospective employers other than Zieger, the court held, only the communication actually made to "Zieger need be considered." *Ibid.* The appellate court held that the trial court had not erred in entering a judgment for the defendant. *Ibid.*

To similar effect is *Davis v. Consolidated Freightways*, 29 Cal App 4th 354, 34 Cal Rptr 3d 438 (1994). In that case, the defendant fired the plaintiff for allegedly stealing a jacket. The plaintiff brought a defamation action; his theory was "compelled self-publication" to prospective employers. The trial court granted summary judgment to the defendant. The appellate court affirmed on the ground that there was no evidence in the summary judgment record that the plaintiff had told prospective employers about the incident. "[B]ecause he failed to show there was ever any 'negative job reference' attributable to [the defendant] that [the] plaintiff had to explain," and because "in fact plaintiff never alleged that any prospective employers ever asked him about or asked him to explain the incident," there was no triable issue of fact. 34 Cal Rptr at 448-49.

At least one appellate court has taken the very approach that we take today. In *Atkinson v. Stop-N-Go Foods, Inc.*, 83 Ohio App 3d 132, 614 NE2d 784 (1992), the

plaintiff had worked for the defendant, a convenience store, and had been designated the "acting assistant manager" on a particular day. That day, the money for which the plaintiff was responsible did not reach the bank. After conducting an investigation, the defendant fired the plaintiff for allegedly stealing the missing deposit. The plaintiff sued the defendant for defamation, based on a theory of what the Ohio court calls "forced republication," a phrase that was interpreted by the Ohio court to have the same meaning as we give the phrase "compelled self-publication." The trial court granted summary judgment to the defendant. On appeal, the appellate court said:

> "Whether the 'forced republication' doctrine is good law in Ohio appears to be a nice question, but it is not a question that we need to decide in connection with this appeal. It appears that [the plaintiff] was subsequently employed by his father. He has neither alleged nor averred that he did, in fact, republish the defamatory statement to a prospective employer. We do not understand the 'forced republication' doctrine to eliminate the requirement of publication of the defamatory statement to a third person; we understand that doctrine merely to permit that that requirement may be satisfied by the 'forced republication' of the defamatory statement by the person defamed to a third person. In the case before us, there was no allegation in the pleadings, nor was there any averment in connection with the motion for summary judgment, to the effect that the defamatory statement was ever, in fact, republished to a third person. Without republication to a third person, the 'forced republication' doctrine can have no application." 614 NE2d at 786.

The court upheld the summary judgment for the defendant. *Id.* at 788.

We likewise leave for another day the decision whether to recognize the doctrine of "compelled self-publication." With respect to plaintiff's claim here, although compulsion was alleged, publication was not. It follows that the trial court did not err when it dismissed plaintiff's claim for defamation based on a theory of "compelled self-publication."

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.