Argued and submitted November 18, 1996, reversed and remanded November 5, 1997, petition for review allowed March 24, 1998 (326 Or 627)

Leslie R. BRADBURY,
*Appellant,*

*v.*

TEACHER STANDARDS AND
PRACTICES COMMISSION,
*Respondent,*

*and*

Steven R. WELKER,
*Defendant.*

(93C-13251; CA A90766)

947 P2d 1145

James M. Brown argued the cause for appellant. With him on the brief was Enfield Brown & Collins.

Erika Hadlock, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

Warren, P. J., dissenting.

## ARMSTRONG, J.

Plaintiff appeals from a judgment dismissing, as time barred, his amended complaint against the Teacher Standards and Practices Commission (TSPC) for negligent supervision of an employee. ORCP 21 A(9). We reverse and remand.

Plaintiff alleges the following facts: Plaintiff was employed at all material times as a school superintendent. As required by ORS 342.140, he was licensed as an Oregon public school administrator by TSPC. In 1991, TSPC received a complaint accusing him of "alleged sexual involvement" with a school district staff member. Under authority granted to it by ORS 342.176, TSPC appointed an investigator to investigate the complaint. TSPC supervised the investigator in conducting the investigation. At the conclusion of the investigation, the investigator prepared a computer disk containing his report to TSPC. In the report, the investigator "found no factual support for the allegations stated in the complaint to TSPC but he nevertheless expressed his belief that misconduct had occurred." He also discussed a second allegation against plaintiff involving an alleged sexual assault of a female employee in 1977. Plaintiff did not commit that assault. After receiving witness statements submitted by plaintiff, TSPC dismissed the complaint.

According to ORS 342.176(4), unless and until TSPC made a final determination that plaintiff had violated either ORS 342.175 or ORS 341.143, the complaint, the investigator's report and all other materials related to the complaint were confidential.[1] Nevertheless, after completing his investigation, the investigator "furnished a copy of his investigation report to a third party known to be antagonistic toward plaintiff." The report was subsequently disseminated throughout the school district by which plaintiff was employed. Although TSPC

---

[1] ORS 342.176(4) provides:

"The documents and materials used in the investigation and the report of the executive secretary are confidential and not subject to public inspection unless the commission makes a final determination that the person charged has violated ORS 342.143 or 342.175."

"knew, or in the exercise of reasonable care should have known, that [the investigator] was inexperienced as a TSPC investigator, that he had formed opinions negative toward plaintiff and that he was receiving requests from third parties for information regarding his investigation, his report and the action by TSPC, it failed to instruct [the investigator] upon the requirements of confidentiality and to observe [his] control of his investigative file to prevent disclosure to third parties."

As a result of the disclosure, plaintiff was "subjected to loss of public esteem, respect, goodwill and confidence and has been disgraced and degraded."

More than a year after the investigator gave the computer disk to the person antagonistic to plaintiff, plaintiff filed an action against TSPC for negligent supervision of its investigator.[2] TSPC moved to dismiss the claim.[3] The trial court believed that *Coe v. Statesman-Journal Co.*, 277 Or 117, 560 P2d 254 (1977), dictated that plaintiff's claim be deemed a defamation claim, which is subject to a one-year statute of limitation. ORS 12.120(2).[4] On that ground, the court held that plaintiff's claim was time barred because it had not been commenced within one year of the defamatory statements.

In *Coe*, the plaintiff was a public official running for office. Before the election, the defendant, a newspaper, published a picture of him and a picture of a convicted embezzler in the same edition. The newspaper mislabeled the two pictures. As a result, it listed the plaintiff's name under the embezzler's picture and the embezzler's name under the plaintiff's picture. Over a year after the publication of the pictures, the plaintiff filed an action against the newspaper for

---

[2] Plaintiff also filed an action against the investigator for false light. The investigator confessed judgment and is not a party to this appeal.

[3] TSPC moved for "an order dismissing plaintiff's third amended complaint because it fails to allege ultimate facts sufficient to state a claim for relief" against TSPC. In its memorandum in support of its motion, TSPC argued that plaintiff's claim against it "is, in substance, a defamation claim and as such is time barred." That is the argument on which the trial court based its decision.

[4] ORS 12.120(2) provides:

"An action for libel or slander shall be commenced within one year."

negligent harm to his reputation. The trial court dismissed the action. The Supreme Court affirmed, stating that

> " '[t]he law of defamation protects the interest in reputation—the interest in acquiring, retaining and enjoying a reputation as good as one's character and conduct warrant.' * * * An action to secure damages for an injury in a situation of this kind is an action for defamation, regardless of whether the publication was intentionally, negligently, or inadvertently made."

*Id.* at 120 (quoting Harper and James, *The Law of Torts* § 5.1, at 349). The court held, in effect, that a defamation action must be brought within the one-year period specified in ORS 12.120(2) without regard to whether the defendant acted intentionally or negligently in making the defamatory statements.

In *Magenis v. Fisher Broadcasting, Inc.*, 103 Or App 555, 798 P2d 1106 (1990), we applied *Coe* to explain a slightly different, but consistent, principle. In that case, over a year after the disputed conduct took place, the plaintiffs filed a claim for invasion of privacy under a false-light theory. We stated that,

> "although [the] plaintiffs characterized their claim as 'false light,' the alleged false light * * * is plainly defamatory. [The p]laintiffs could have filed a claim for defamation. That being the case, we conclude that the specific defamation Statute of Limitations controls. To hold otherwise would permit a plaintiff to elect the longer limitation period of ORS 12.110(1) simply by characterizing a defamation claim as one for false light. We conclude that, *when a claim characterized as false light alleges facts that also constitute a claim for defamation, the claim must be filed within the period for bringing a defamation claim.*"

*Id.* at 560 (emphasis supplied).

Considering those cases, the trial court in this case concluded that any way "you want to cut it this is an action for defamation." Therefore, it applied the one-year statute of limitation for defamation claims. ORS 12.120(2). Because plaintiff's claim was not filed within a year of the publication of the report, it dismissed plaintiff's complaint.

TSPC argues that the trial court reached the correct result because, as in *Coe* and *Magenis*, plaintiff is seeking to recover damages for the publication of allegedly defamatory material. Under *Coe* and *Magenis*, TSPC argues, "it is not the character of TSPC's *acts* that determines the applicable limitations period, it is the nature of the *harm* that resulted." (Emphasis in original.) Because the harm in this case was to plaintiff's reputation, TSPC asserts that plaintiff's claim is one for defamation and the one-year statute of limitation applies. The dissent agrees with TSPC.

TSPC and the dissent are wrong for two reasons. First, they fail to recognize that plaintiff's claim against TSPC is a claim based on release of confidential information and not defamation. Plaintiff alleged that TSPC had a statutory duty to keep confidential the information that it had generated in its investigation of him. *See* ORS 342.176(4). If that is correct, then disclosure of any of the confidential information, even true information, could cause harm to plaintiff's reputation. A careful reading of plaintiff's third amended complaint discloses that it alleges a harmful disclosure of confidential information and not the publication of defamatory information.[5] Hence, plaintiff's claim against TSPC for

---

[5] Plaintiff alleged:

"12.

"ORS 342.176(4) required that all documents and materials used in [the investigator's] investigation and the recommendation of TSPC's Executive Secretary be kept confidential unless and until a final determination is made by TSPC that the accused had violated statutory provisions. At all times material [to] the charge against plaintiff, [the investigator's] investigation and any and all documents were confidential.

"* * * * *

"16.

"Defendant TSPC was negligent in its supervision of [the investigator] in that while it knew, or in the exercise of reasonable care should have known, that [he] was inexperienced as a TSPC investigator, that he had formed opinions negative toward plaintiff and that he was receiving requests from third parties for information regarding his investigation, his report and the action by TSPC, it failed to instruct [him] upon the requirements of confidentiality and to observe [his] control of his investigative file to prevent disclosure to third parties.

"17.

"As a consequence of TSPC's negligence plaintiff was exposed to the foreseeable and unreasonable risk that false information prepared in a manner

its alleged negligence in supervising its investigator is a claim for damages caused by the release of confidential information and not for defamation. Consequently, the claim is not governed by the one-year statute of limitation for defamation claims.

Second, even if plaintiff were seeking damages against TSPC for defamatory statements by the investigator, plaintiff's claim still would not be governed by the defamation statute. The contrary view held by TSPC and the dissent is based on a misunderstanding of *Coe* and *Magenis*. In *Coe*, the plaintiff sued the defendant newspaper for *defamation*, but characterized the defamatory statements by the defendant as having been negligently made. The Supreme Court held that, regardless of how defamatory statements are characterized, a defamation action must be filed within the one-year period specified by ORS 12.120(2). *Coe*, 277 Or at 120. *Magenis* enunciated a related, but slightly different, principle: If a false-light claim is asserted against the defendant and a defamation claim *necessarily* could have been asserted under the facts alleged by the plaintiff, the false-light claim has to be brought within the one-year statutory period for a defamation claim. *Magenis*, 103 Or App at 560.

In contrast, plaintiff here did not allege a defamation claim, nor does the complaint suggest that he *necessarily* could have alleged a defamation claim. Unlike in *Coe*, plaintiff is not characterizing defamatory statements by TSPC as having been negligently made. Instead, plaintiff asserts that TSPC's supervision of its investigator was negligent. He alleges that TSPC

"knew, or in the exercise of reasonable care should have known, that [the investigator] was inexperienced as a TSPC investigator, that he had formed opinions negative toward plaintiff and that he was receiving requests from third parties for information regarding his investigation[.]"

and form appearing official, credible and authentic and damaging to plaintiff would be disclosed to third parties.

"18.

"As the direct and proximate cause of defendant TSPC's negligence plaintiff has been subjected to loss of public esteem, respect, goodwill and confidence and has been disgraced and degraded."

Despite that knowledge, when it was supervising the investigation of plaintiff, TSPC "failed to instruct [the investigator] upon the requirements of confidentiality and to observe [his] control of his investigative file to prevent disclosure to third parties." Plaintiff asserts that the failure to provide that supervision constituted negligence. A direct consequence of that negligence, he alleges, was that the investigator violated ORS 342.176(4) by disclosing confidential information from the investigation, causing plaintiff to suffer damages from the violation.[6] Although plaintiff's damages are likely more severe if, as he alleges, the information published by the investigator was defamatory, that fact is irrelevant to determining whether TSPC negligently supervised the investigator. Therefore, we conclude that plaintiff is not disguising the nature of his claim to avoid defamation's one-year statute of limitation. Rather, his action is best understood as an action for negligent supervision and not as one for defamation.

Moreover, even if we assume that the investigator defamed plaintiff, the complaint does not suggest that plaintiff could assert a claim against *TSPC* for defamation. An employer is liable for an employee's defamatory statements only if the employee is acting in the scope of employment when the employee makes the statements. *See Downs v. Waremart, Inc.*, 137 Or App 119, 138, 903 P2d 888 (1995), *aff'd in part and rev'd in part* 324 Or 307 (1996).[7] The investigator had completed his investigation and given his report

---

[6] In essence, plaintiff alleges that if TSPC had properly supervised the investigator when he was conducting the investigation by instructing him about the confidentiality requirement in ORS 342.176(4) or by collecting all documentation related to the investigation from him, the investigator would not have violated ORS 342.176(4) by disclosing the confidential information and causing plaintiff's damages. Given the nature of plaintiff's negligent supervision allegations, it is irrelevant that the investigator violated ORS 342.176(4) after he had concluded the investigation for TSPC.

[7] In *Downs*, a store clerk told a customer that the plaintiff, a former coworker, had been "fired for theft." 137 Or App at 124. The plaintiff brought a defamation action against the store that employed the clerk. Although the clerk was at work when she made the allegedly defamatory statement, we held that she was not acting within the scope of her employment when she made the statement, because the store did not authorize her to comment on the store's decision to fire the employee. Therefore, we concluded that a defamation claim based on that statement could not be maintained against the store. *Id.* at 138. The Supreme Court did not disturb that aspect of our opinion. *Compare Downs*, 137 Or App at 134-38 *with Downs v. Waremart, Inc.*, 324 Or 307, 309, 926 P2d 314 (1996).

to TSPC before the disclosure occurred. Plaintiff does not allege that the investigator acted within the scope of his employment when he gave the computer disk to the third party.[8] As a result, unlike in *Magenis*, plaintiff could not necessarily have brought a defamation claim against TSPC.

For the foregoing reasons, we conclude that *Coe* and *Magenis* do not support the trial court's decision to dismiss plaintiff's complaint as time barred. Plaintiff did not allege a defamation claim against TSPC and there is no reason to believe that he could. Under those circumstances, his claim against TSPC is not subject to the one-year time limit for defamation claims in ORS 12.120(2).[9] The trial court did not determine whether plaintiff's complaint states a claim for negligent supervision or whether the complaint was filed within the statute of limitation for that type of action. Therefore, we do not consider those issues.

Reversed and remanded.

---

[8] The fact that the investigator disclosed the information after he left his employment with TSPC is not dispositive of plaintiff's negligent supervision claim, because plaintiff alleged that the investigator would not have disclosed the information if TSPC had not supervised him negligently while he was employed by it.

[9] For statute-of-limitation purposes, it is important to distinguish between defamation claims and claims in which recoverable damages include damages for harm to reputation. Assume, for example, that a person learns that a newspaper intends to publish defamatory information about her. Rather than contacting the newspaper directly, she decides to hire a public relations firm to do that because she believes that the firm will be better able to persuade the newspaper of the true facts. The firm agrees to the assignment, but then forgets to contact the newspaper before the information is published. Assume, further, that the newspaper would not have published the defamatory information had the public relations firm performed its contract. If the client sued the firm for breach of contract, damages for that breach presumably would include damages for the harm caused to the client's reputation by the defamatory information. Even though the damages might be measured by the harm to the client's reputation, the claim would be governed by the six-year statute of limitation for contract claims rather than the one-year statute for defamation claims. *Compare* ORS 12.080 *with* ORS 12.120(2). That would be true even though the defamation claim that the client could bring against the newspaper *would* be governed by the one-year statute for defamation claims. The situation described above is equivalent to the one presented in this case. Plaintiff seeks damages against TSPC for harm to his reputation, based on TSPC's failure to prevent someone else from disseminating harmful information about him. Plaintiff does *not* allege a claim against TSPC *for* defamation. Although a claim against the person who disseminated the information would be governed by the one-year limit for defamation claims, the claim against TSPC is not.

If the dissent were correct, then plaintiff's claim would be governed by the defamation statute of limitation even though it is *not* a defamation claim and plaintiff could *not* allege such a claim against TSPC. That would indeed be a curious state of affairs.

**WARREN, P. J.,** dissenting.

Because plaintiff's claim is for damage to his reputation caused by defendant's negligently permitting the release of information, it is one for defamation and is subject to a one-year statute of limitation. ORS 12.120(2). It is of no significance that defendant's negligent supervision of its former employee may have permitted the defamation. The cause of the damage is the publication of defamatory material.

Contrary to the majority's belief, *Coe v. Statesman-Journal Co.*, 277 Or 117, 560 P2d 254 (1977), and *Magenis v. Fisher Broadcasting, Inc.*, 103 Or App 555, 798 P2d 1106 (1990), do control this case and I would therefore affirm. In *Coe*, the defendant mistakenly identified the plaintiff in the newspaper as a convicted embezzler. The Supreme Court held that the one-year statute of limitations governed the plaintiff's defamation action. Noting that " 'defamation protects the interest in reputation,' " the court stated that the plaintiff's action was "an action for defamation, regardless of whether the publication was intentionally, negligently, or inadvertently made." *Coe*, 277 Or at 120 (quoting 1 Harper and James, *The Law of Torts* 349, § 5.1). Thus, it was not the quality of defendant's culpability in the publication but the nature of the harm alleged that dictated the proper statute of limitation.

In *Magenis*, the defendant televised film clips purporting to link the plaintiffs to criminal activity. We concluded that the one-year statute of limitations applied to the plaintiffs' false-light claim. We stated that, when a claim characterized as false light alleges facts that also constitute a claim for defamation, the statute of limitations for defamation controls. *Magenis*, 103 Or App at 560. Again, the nature of the harm alleged to have resulted from the publication dictated the proper statute of limitations.

In this case, plaintiff has alleged that, as a result of defendant's negligence, one of defendant's former employees published false information that plaintiff had sexually assaulted a student and that he was "subjected to loss of public esteem, respect, goodwill and confidence and has been disgraced and degraded." 151 Or App 179. The gist of plaintiff's cause of action is that his reputation was damaged as a result

of defendant's direct or indirect communication of false information to a third person. His claim is therefore one for defamation. It makes no difference how the claim is characterized; when a claim, however styled, otherwise "alleges facts that also constitute a claim for defamation, the claim must be filed within the period for bringing a defamation claim." *Magenis*, 103 Or App at 560. It makes no difference whether the publication results from defendant's own intentional, negligent or inadvertent conduct or the conduct of another for whose action defendant is liable.[1]

The trial court correctly concluded plaintiff's claim was for defamation and was subject to a one-year statute of limitation.

I dissent.

---

[1] The majority inadequately explains how TSPC can be liable for publication of information by a former employee acting outside the employment relationship or how, after the employment relationship had ended when the disclosure was made, TSPC had a duty or right to supervise him. While plaintiff did allege that the investigator was inexperienced and not instructed on the duty to maintain confidentiality, there is no allegation that TSPC knew or should have known that he was unaware of or would violate the confidentiality statute. *See Mathews v. Federated Service Ins. Co.*, 122 Or App 124, 135, 857 P2d 852, *rev den* 318 Or 25 (1993).

Likewise, the majority fails to explain how any damage can result from a failure to supervise *per se*. The only damage alleged is that which resulted from the publication.