Argued and submitted November 3, 1998, decision of Court of Appeals affirmed, judgment of circuit court reversed and case remanded to circuit court April 8, 1999

Leslie R. BRADBURY,
*Respondent on Review,*

*v.*

TEACHER STANDARDS AND
PRACTICES COMMISSION,
*Petitioner on Review,*

*and*

Steven R. WELKER,
*Defendant.*

(CC 93C-13251; CA A90766; SC S44998)

977 P2d 1153

See also, 152 Or App 190, 953 P2d 403.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Erika A. Hadlock, Assistant Attorney General.

James M. Brown, Salem, filed the brief and argued the cause for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Leeson, and Riggs, Justices.**

RIGGS, J.

---

** Kulongoski, J., did not participate in the consideration or decision of this case.

**RIGGS, J.**

In this tort case, plaintiff appeals from a judgment entered after the trial court dismissed his complaint as time-barred. ORCP 21 A(9). The issue is whether the trial court erred in concluding that plaintiff's complaint alleges defamation, which is governed by a one-year statute of limitations. ORS 12.120(2). The Court of Appeals reversed. *Bradbury v. Teacher Standards and Practices Comm.*, 151 Or App 176, 947 P2d 1145 (1997). We affirm the decision of the Court of Appeals.

Because this case is before us on a motion to dismiss, we assume the truth of all well-pleaded facts alleged in the complaint and give plaintiff, as the nonmoving party, the benefit of all favorable inferences that may be drawn from those facts. *Downs v. Waremart, Inc.*, 324 Or 307, 309, 926 P2d 314 (1996).

Plaintiff's complaint contains the following factual allegations. At all times relevant to this case, plaintiff was employed as a public school superintendent. Defendant Teacher Standards and Practices Commission (TSPC) is a state agency that licenses teachers and public school administrators. In 1991, TSPC received a complaint accusing plaintiff of sexual involvement with a school district staff member. Under ORS 342.176, TSPC is required to investigate such complaints.

TSPC assigned defendant Welker to investigate the complaint against plaintiff. Welker began an investigation under the direction and supervision of TSPC. In November 1991, Welker prepared a detailed report of the results of his investigation and presented it to TSPC. Welker reported that he found no factual support for the allegation against plaintiff but nevertheless believed that the allegation was true. He also provided details about a previously unreported allegation that plaintiff had sexually assaulted a staff member in 1977.

Based on Welker's report, TSPC drafted charges against plaintiff and began proceedings to address those charges. Copies of Welker's report were mailed to plaintiff

and to TSPC's 17 members. After reviewing the report and receiving witness statements, TSPC dismissed the charges against plaintiff on January 31, 1992.

Because the charges against plaintiff were dismissed, Welker's report remained confidential under ORS 342.176(4).[1] Nevertheless, in June 1992, Welker gave a copy of the report to a third party, who in turn gave copies to members of the school board in plaintiff's district.

More than one year but less than two years later, plaintiff sued TSPC, alleging that TSPC negligently supervised Welker during and after his investigation and that, as a result, Welker made public a report of the investigation that should have been kept confidential, causing plaintiff damage.[2] In addition to the facts summarized above, plaintiff's complaint alleged:

"12.

"ORS 342.176(4) required that all documents and materials used in Welker's investigation and the recommendation of TSPC's Executive Secretary be kept confidential unless and until a final determination is made by TSPC that the accused had violated statutory provisions. At all times material the charge against plaintiff, Welker's investigation and any and all related documents were confidential.

"13.

"Before June 1, 1992, Welker furnished a copy of his investigation report to a third party known to be antagonistic toward plaintiff.

"* * * * *

---

[1] ORS 342.176(4) provides:

"The documents and materials used in the investigation and the report of the executive director are confidential and not subject to public inspection unless [TSPC] makes a final determination that the person charged has violated ORS 342.143 or ORS 342.175."

[2] Plaintiff also sued Welker, seeking recovery for false-light invasion of privacy. Welker confessed judgment and is not a party to this appeal.

"16.

"Defendant TSPC was negligent in its supervision of Welker in that while it knew, or in the exercise of reasonable care should have known, that Welker was inexperienced as a TSPC investigator, that he had formed opinions negative toward plaintiff and that he was receiving requests from third parties for information regarding his investigation, his report and the action by TSPC, it failed to instruct Welker upon the requirements of confidentiality and to observe Welker's control of his investigative file to prevent disclosure to third parties.

"17.

"As a consequence of TSPC's negligence plaintiff was exposed to the foreseeable and unreasonable risk that false information prepared in a manner and form appearing official, credible and authentic and damaging to plaintiff would be disclosed to third parties.

"18.

"As the direct and proximate cause of TSPC's negligence plaintiff has been subjected to loss of public esteem, respect, goodwill and confidence and has been disgraced and degraded."

Under ORCP 21 A(9), TSPC moved to dismiss plaintiff's complaint as time-barred. TSPC argued that, although presented as a negligence action, plaintiff's claim in fact alleged defamation, and the one-year statute of limitations for defamation therefore applied. The trial court agreed and dismissed the action, relying on this court's opinion in *Coe v. Statesman-Journal Co.*, 277 Or 117, 560 P2d 254 (1977). In *Coe*, the plaintiff sought recovery of damages for the negligent publication of false information about him. The plaintiff argued that, because the publication was negligent and not intentional, his claim should be governed by the two-year statute of limitations for negligence, not the one-year statute of limitations for defamation. This court disagreed and held that the defamation statute of limitations applied to all actions for defamation, even those based on negligent conduct. In other words, the plaintiff could not secure the benefit of a longer statute of limitations merely by alleging that the

defamatory act was performed with a less culpable state of mind—negligence—than would be present in the case of intentional defamation. *Id.* at 120.

In this case, the Court of Appeals reversed the trial court's dismissal. First, the court concluded that "plaintiff's claim against TSPC is a claim based on release of confidential information and not defamation." *Id.* at 181. Second, the court concluded that, even if the underlying wrong of which plaintiff complained *was* the release of defamatory statements by the investigator, the complaint still should not be dismissed, because, unlike in *Coe*, this was not a case in which a claimant was "disguising the nature of his claim to avoid defamation's one-year statute of limitation. Rather, his action is best understood as an action for negligent supervision * * *." *Bradbury*, 151 Or App at 183.

■ As a preliminary matter, we emphasize that this case is on review from the trial court's grant of TSPC's motion to dismiss. Accordingly, our review is limited to the pleadings. Our sole task on review is to determine whether the pleadings, construed liberally, ORCP 12 A, fairly may be read to allege a tort, other than defamation, to which a statute of limitations longer than one year applies. If so, the complaint is sufficient to survive TSPC's motion to dismiss.

TSPC argues that this case is governed by ORS 12.120(2), and suggests that our task simply is to construe the language of that statute, which establishes the statute of limitations for defamation claims. ORS 12.120(2) provides:

"An action for libel or slander shall be commenced within one year."

TSPC is incorrect. The appropriate inquiry is to determine whether plaintiff's complaint only may be read as alleging defamation, or whether the complaint reasonably may be read as also alleging a tort or breach of duty other than defamation. To answer that question, we look only to plaintiff's complaint.

■ As noted, plaintiff's complaint alleges both negligent supervision and a violation of a statutory duty of confidentiality, whether or not it also may be read as alleging defamation. TSPC nevertheless argues that we must look to the

underlying wrong of which plaintiff complains. According to TSPC, that wrong is defamation. If we do not look beyond plaintiff's characterization of his action, TSPC argues, then future plaintiffs will be able to avoid the defamation statute of limitations simply by suing supervisors for negligently allowing their subordinates to commit defamation. According to TSPC, that result would gut the one-year limitation in ORS 12.120(2) and contradict this court's holding in *Coe*.

That argument aids TSPC in this case only if we agree that plaintiff's complaint can only be read as alleging that Welker's underlying tortious act was defamation. We do not. A liberal reading supports plaintiff's contention that the complaint alleges that Welker's wrongful act was a tortious breach of the statutory duty to accord certain persons confidentiality under ORS 342.176(4). As noted, ORS 342.176(4) provides that documents, materials, and reports used in TSPC disciplinary investigations must be kept confidential unless and until TSPC has determined that the person subject to the investigation has committed a violation. Plaintiff's complaint alleges in paragraph 12 that Welker's report and other documents were required to be kept confidential by ORS 342.176(4); in paragraphs 13 and 14, the complaint alleges Welker gave a copy of his confidential report to a third party who, in turn, gave it to others; in paragraph 16, the complaint alleges that TSPC "failed to instruct Welker upon the requirements of confidentiality and to observe Welker's control of his investigative file to prevent disclosure to third parties"; and in paragraphs 18 and 19, the complaint alleges that plaintiff was damaged thereby. Taken together, those portions of the complaint allege both negligent supervision and violation of ORS 342.176(4). Because the legislature has not specifically provided a statute of limitations for claims alleging a tortious breach of ORS 342.176(4), such claims are governed by the two-year statute of limitations contained in ORS 12.110(1).[3]

---

[3] ORS 12.110(1) provides, in part:

"An action for * * * any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years * * *."

TSPC argues, however, that, because plaintiff alleged that the substance of the charges in Welker's report was false as well as confidential, his claim must be viewed as one for defamation. Specifically, TSPC directs us to paragraph 17 of plaintiff's complaint, which states, in part, that "[a]s a consequence of TSPC's negligence plaintiff was exposed to the foreseeable and unreasonable risk that *false* information * * * damaging to plaintiff would be disclosed to third parties." (Emphasis added.) The fact that plaintiff insists that the confidential statements were false, TSPC argues, means that his complaint alleges damage to reputation from publication of false information. Under *Coe*, TSPC concludes, such complaints must be raised in a defamation claim or not at all.

■■ We disagree. It is the nature of the conduct complained of—the predominant characteristic of the action—that identifies the tort. *Lindemeier v. Walker*, 272 Or 682, 684, 538 P2d 1266 (1975). The predominant characteristic of the conduct of which plaintiff complains is the release of confidential information from a TSPC disciplinary investigation in violation of ORS 342.176(4). That statute does not differentiate between true and false information from TSPC investigations; *all* documents and materials used in such investigations are to be kept confidential. The duty of confidentiality imposed by the statute can be violated by the release of true information, false information, or a combination of the two.

*Coe* is not to the contrary. There, the plaintiff identified no breach of legal duty other than the duty not to publish defamatory statements. He argued that a different statute of limitations should apply to negligent defamation than applies to intentional defamation. *Coe*, 277 Or at 119. Here, by contrast, plaintiff has alleged a breach of a distinct legal duty, the duty of confidentiality contained in ORS 342.176(4).

In sum, liberally construed, plaintiff's complaint alleges a tort other than defamation. The two-year statute of limitations in ORS 12.110(4) applies to that claim. Accordingly, the complaint was sufficient to survive TSPC's motion to dismiss. Because we resolve the case on that basis, we need not address the additional reasons for reversal presented in the Court of Appeals' decision.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.