Argued and submitted January 9, decision of Court of Appeals and judgment of circuit court affirmed May 8, 2008

Kelly CHRISTIANSEN,
Conservator for James Carrier,
a Minor,
*Petitioner on Review,*

*v.*

PROVIDENCE HEALTH SYSTEM OF
OREGON CORPORATION,
dba St. Vincent Hospital & Medical Center,
an Oregon business;
and Randi R. Ledbetter, M.D.,
*Respondents on Review.*

(CC 0301-00634; CA A122603; SC S054731)

184 P3d 1121

Kathryn H. Clarke, Portland, argued the cause for petitioner on review. With her on the briefs were Brian S. Campf, Portland, and John E. Uffelman, Beaverton.

Lindsey H. Hughes, Keating, Jones, Bildstein & Hughes, Portland, argued the cause and filed the briefs for respondent on review Randi R. Ledbetter, M.D. Michael T. Stone, Brisbee & Stockton, Hillsboro, argued the cause and filed the briefs for respondent on review Providence Health System of Oregon.

Maureen Leonard, Portland, Robert K. Udziela, Beaverton, and David F. Sugerman, Portland, filed briefs on behalf of *amicus curiae* Oregon Trial Lawyers Association.

Thomas E. Cooney and David J. Madigan, Cooney & Crew, LLP, Lake Oswego, filed a brief on behalf of *amicus curiae* Oregon Medical Association.

C. Robert Steringer, and Jona J. Maukonen, Harrang Long Gary Rudnick PC, Portland, filed a brief on behalf of *amicus curiae* Oregon Association of Hospitals and Health Systems.

Marjorie A. Speirs, Portland, filed a brief on behalf of *amicus curiae* Oregon Association of Defense Counsel.

Before De Muniz, Chief Justice, and Gillette, Durham, Balmer, Kistler, and Walters, Justices.**

DE MUNIZ, C. J.

---

** Linder, J., did not participate in the consideration or decision of this case.

**DE MUNIZ, C. J.**

Petitioner Kelly Christiansen (plaintiff below), conservator for her minor son, seeks review of a trial court judgment dismissing her medical negligence complaint against defendants on the ground that the action was barred by the five-year limitation period established in ORS 12.110(4). Plaintiff argues that the application of that statute to her son's case violates the remedy requirement set forth in Article I, section 10, of the Oregon Constitution. The Court of Appeals affirmed the trial court, concluding that plaintiff's claim was not one that was cognizable at common law when the Oregon Constitution was adopted. Therefore, the application of the five-year limitation period provided for in ORS 12.110(4) to bar plaintiff's claim was not prohibited by Article I, section 10. *Christiansen v. Providence Health System*, 210 Or App 290, 302, 150 P3d 50 (2006). We allowed plaintiff's petition for review and now affirm the decision of the Court of Appeals, albeit on different grounds.

■    Because this case is before this court on a motion to dismiss, we assume the truth of all well-pleaded facts alleged in the complaint and accord plaintiff, as the nonmoving party, the benefit of all favorable inferences that may be drawn from those facts. *Bradbury v. Teacher Standards and Practices Comm.*, 328 Or 391, 393, 977 P2d 1153 (1999). The complaint alleges that defendants negligently caused injuries to plaintiff's son while plaintiff was in labor in March 1994. Among other things, plaintiff alleged that defendants, a hospital and an obstetrician, were negligent when they failed to recognize signs of fetal distress and delayed performing a caesarean section delivery of the child. At delivery, the child was "floppy and unresponsive," "required neonatal resuscitation[,] and suffered his first seizure within eight hours of his birth." He was stabilized and transferred to another hospital, which discharged him approximately a week later. At that time, "[his] physicians stated that a cranial ultrasound and CT [computed tomography] Scan of the brain did not show any evidence of abnormality. An EEG [electroencephalogram] taken then was mildly abnormal, but not specific." At two and three months after his birth, Dr. James R. Schimschock of the Child Neurology Clinic

informed plaintiff that the child was developing normally and gave him a good prognosis. In May 1999, Schimschock noted that the child had seemed to make his motor landmarks at appropriate intervals, but diagnosed him with mixed developmental disorder, developmental speech or language disorder, and partial epilepsy. Schimschock referred the child to Dr. Edwards, who then noted that the child "was beginning to show signs of neurological deficits, relating to an anoxic event in-utero."

Plaintiff filed this civil action against defendants in January 2003, over eight years after her son's birth. In response, defendants filed motions to dismiss pursuant to ORCP 21 A(9).[1] Defendants asserted that, because plaintiff alleged that she had suspected negligence six to eight months after the delivery, she had or should have discovered the child's injuries at or near that time and, therefore, her complaint was barred by the two-year limitation period in ORS 12.110(4). Defendants also asserted that, because the action was filed more than five years after the medical treatment alleged to have caused the child's injuries, the action also was barred by the five-year limitation period provided in ORS 12.110(4). That statute states, in part:

> "An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. However, *notwithstanding the provisions of ORS 12.160, every such action shall be commenced within five years from the date of the treatment*, omission or operation upon which the action is based[.]"

(Emphasis added.) In turn, ORS 12.160 (2005)[2] provided, in part:

---

[1] ORCP 21 A(9) provides that a defense may be made by a motion to dismiss if "the pleading shows that the action has not been commenced within the time limited by statute."

[2] The legislature amended ORS 12.160 in 2007. Or Laws 2007, ch 285, § 1. Because that amendment applies only to causes of action arising on or after the effective date of the act, January 1, 2008, we refer to ORS 12.160 (2005) throughout this opinion.

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS * * * 12.070 to 12.250 * * * is within the age of 18 years or insane, the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

Plaintiff responded that a "mere suspicion" of harm is insufficient to trigger the two-year limitation period and that the child's physicians failed to discern any injury until her son was five years old. She also argued that, as applied to this case, the five-year limitation period in ORS 12.110(4) violates the remedy requirement in Article I, section 10, of the Oregon Constitution[3] because, at the time that the Oregon Constitution was adopted, a statute was in place that tolled the limitation period for minors until they reached the age of majority. According to plaintiff, the Remedy Clause preserves that period of tolling for minors and, therefore, the application of a five-year limitation period has the effect of denying the child a remedy in violation of Article I, section 10.

The trial court dismissed plaintiff's action with prejudice, concluding that the five-year limitation period in ORS 12.110(4) does not violate the Remedy Clause. As noted, the Court of Appeals affirmed. According to that court, plaintiff did not discover the child's injuries until May 1999. *Christiansen*, 210 Or App at 294-95. However, the Court of Appeals determined that, because there was no cognizable common-law claim for prenatal injuries to a child at the time that the constitution was adopted, the legislative choice expressed in ORS 12.110(4) to extinguish a minor's claim five years from the date of the medical treatment did not violate the Remedy Clause. *Id.* at 302.

---

[3] Article I, section 10, provides, in part:

"[E]very man shall have remedy by due course of law for injury done him in his person, property or reputation."

On review, plaintiff argues that the Court of Appeals mistakenly concluded that there was no recognized common-law claim for prenatal injuries when the Oregon Constitution was adopted in 1857. She asserts that, (1) historically, unborn children had rights whenever it was for their benefit, and (2) the common law recognized claims for medical negligence. According to plaintiff, it would have been consistent with the common law to permit a child to recover for an injury sustained in utero, and that the Court of Appeals decision "ignores the basic principles of, and flexibility of the common law which courts embraced long before 1857." Next, she argues that "[m]inority has always been a recognized legal disability that extends the time available for commencing an action." Plaintiff also points out that, in territorial Oregon, all statute of limitation provisions were tolled for the duration of minority. According to plaintiff, the five-year limitation period provided for in ORS 12.110(4) partially strips away protection for minors that has existed since before the Oregon Constitution was adopted. Thus, plaintiff argues that, by "[w]ithholding consideration of [a] disability the law has always recognized," the legislature has deprived her son of a remedy in violation of Article I, section 10.

Plaintiff brought this claim as conservator for her son, and the claim for medical negligence in this case is, therefore, the child's claim. *See Mallison v. Pomeroy*, 205 Or 690, 291 P2d 225 (1955) (child plaintiff, who suffered injuries in womb of mother, who was six months' pregnant at the time of accident, had claim for the prenatal injuries against defendant). The parties, however, assume that mother's knowledge of her son's injury is relevant for purposes of the discovery rule and that mother was responsible for commencing her son's action within the time limited by law. The parties do not make any distinction between information that mother may have learned in her capacity as conservator and information she may have learned before her legal designation as conservator. However, because of the legal construct under which the parties have argued this case, we assume, for purposes of the two-year limitation period, that mother's knowledge is imputed to her son.

■ The first sentence of ORS 12.110(4) requires plaintiff to file her action within two years of the date that she either

discovered or should have discovered the injury to her son. ORS 12.160 extends that two-year period for an additional five years during the child's minority. We agree with the Court of Appeals that the first sentence of ORS 12.110(4) provides no basis for dismissing plaintiff's complaint. Although plaintiff was "generally" aware of the facts surrounding her son's birth, a CT scan of the child's brain at that time "did not show any evidence of abnormality," and the child appeared to be developing normally. It was not until Schimschock's diagnosis in May 1999 that plaintiff learned of the permanent injuries. Therefore, the two-year limitation period or the period of extension provided by ORS 12.160, did not begin to run until that time.

■    The second sentence of ORS 12.110(4) presents a different question, however. Under the second sentence of ORS 12.110(4), plaintiff had a maximum of five years from the date of the medical treatment, *i.e.*, until March 1999, in which to bring the child's claim against defendants. That five-year limitation period applies "notwithstanding the provisions of ORS 12.160," therefore the fact that plaintiff's son was a minor did not toll that five-year limitation period. Thus, plaintiff's claim is untimely under that statutory five-year limitation period. As plaintiff has framed it, the remaining question before us is whether imposing that limitation on a minor's claim and thus limiting the effect of the disability law for minors that existed before statehood violates Article I, section 10, of the Oregon Constitution. As noted, the Court of Appeals held that it did not, because a claim for prenatal injuries was not cognizable when the Oregon Constitution was adopted. We need not decide, however, whether an injury that occurs during delivery constitutes a claim for prenatal injuries or whether, if it does, such a claim was recognized when the Oregon Constitution was adopted. Even if such a claim was recognized before statehood, the question is whether Article I, section 10, prevents the legislature from imposing periods of limitation on the claims of minors by altering a prestatehood tolling provision for minors. We turn to that issue.

In *Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 117, 23 P3d 333 (2001), this court stated that "the purpose of

the remedy clause in Article I, section 10, is to protect absolute common-law rights respecting person, property, and reputation by guaranteeing the availability of a remedy in the event of an injury." In *Smothers*, the court adopted the following analysis to determine whether a challenged statute meets the requirements of the Remedy Clause:

> "[T]he first question is whether the plaintiff has alleged an injury to one of the absolute rights that Article I, section 10 protects. Stated differently, when the drafters wrote the Oregon Constitution in 1857, did the common law of Oregon recognize a cause of action for the alleged injury? If the answer to that question is yes, and if the legislature has abolished the common-law cause of action for injury to rights that are protected by the remedy clause, then the second question is whether it has provided a constitutionally adequate substitute remedy for the common-law cause of action for that injury."

*Id.* at 124.

■      Here, plaintiff does not contend that the Remedy Clause prohibits the legislature from enacting statutes that limit the period in which a claim may be commenced.[4] Indeed, it is beyond dispute that, before the adoption of the Oregon Constitution, this court enforced statutes of limitation. *See, e.g., Baldro v. Tolmie*, 1 Or 176 (1855) (holding valid five-year statute of limitation adopted by territorial government in 1844 and recognized by territorial government on August 14, 1848); *McLaughlin v. Hoover*, 1 Or 31 (1853) (upholding statutes of limitation adopted in 1849 and 1853). The provisional and territorial governments each enacted statutes of limitation. On January 6, 1854, the Legislative Assembly of the Territory of Oregon adopted an Act for the Limitation of Actions, which set out the time periods within which actions must be brought. Statutes of Oregon 1854, *Act for the Limitation of Actions*, ch 1, pp 170-73. Five years after the Oregon Constitution was adopted, in 1862, the legislature passed an act to provide a code of civil procedure. That act again set out various statutes of limitation, similar to those provided in the 1854 act. General Laws of Oregon,

---

[4] Plaintiff concedes that a statute of limitation does not deny a plaintiff a remedy if the claim is brought within the time period specified.

Civ Code, ch I, title II, pp 140-44 (Deady 1845-1864). Statutes of limitation were familiar to the drafters of the Oregon Constitution, and there is no basis for us to assume that the Remedy Clause was intended to give plaintiffs a right to commence actions notwithstanding the terms of any then-existing statutes of limitation. In the absence of any case law or other authority to the contrary, we conclude that the legislature has authority, consistent with Article I, section 10, to enact reasonable periods of limitation in which an action must be commenced.

■    Plaintiff, however, does not contest that the legislature has the authority to modify statutes of limitation—in fact, she concedes that the legislature had the authority to lower the age of majority from 21 to 18, as it did in 1973 when it amended ORS 109.510.[5] She asserts that, when the Oregon Constitution was adopted, a statute preserved a minor's right to bring a claim throughout the period of minority. Statutes of Oregon 1854, *Act for the Limitation of Actions*, ch 1, § 15, p 172.[6] Consequently, she argues that, the Remedy Clause protects that "right" from legislative incumbrance. In support of that argument, plaintiff observes that

"Children are physically and mentally as well as legally incapable of protecting their own rights or assisting their attorneys or other representatives. They must of necessity

---

[5] ORS 109.510 provides:

"Except as provided in ORS 109.520, in this state any person shall be deemed to have arrived at majority at the age of 18 years, and thereafter shall:

"(1) Have control of the person's own actions and business; and

"(2) Have all the rights and be subject to all the liabilities of a citizen of full age."

[6] That statute provided, in part:

"If a person entitled to bring an action mentioned in this chapter, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, be, at the time the cause of action accrued, either:

"1. Within the age of twenty-one years; or

"2. Insane; or

"3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than his natural life; or

"4. A married woman;

"The time of such disability shall not be a part of the time limited for the commencement of the action."

rely on the assistance of adults, and that assistance may be made much more difficult by the limitations of childhood. The very nature of human growth and development may obfuscate the injury to a child and even make it imperceptible until the claim has expired—as it did in this case."

We do not quarrel with plaintiff's observations regarding the legal and factual impediments associated with the medical negligence claims of children. We agree with plaintiff that the imposition of a five-year limitation period during minority can lead to harsh consequences in some cases. In Oregon, a child has no standing to bring an action before attaining the age of majority, ORCP 27 A,[7] and, except in limited cases, a minor can file an action in court only through a conservator or guardian *ad litem*. In some cases, a minor may not even have a parent or guardian to file a claim. Moreover, a child, or the child's parents or guardian, may not be aware that the child has been injured. The injury may not manifest itself for a long period of time, or the child may not be able to articulate physical symptoms. Thus, by the time a child turns 18 and has standing to bring his or her own claim, the period in which to bring the claim may have long passed.

For the reasons we have just described, plaintiff argues that the legislature, by imposing the same limitation period on minors that it imposes on adults, has indirectly abolished a common-law right, in contravention of *Smothers*. She submits that "it is an unconstitutional limitation where the legislature strips away the added protection the law has given to minors since the founding of the State."

As we have previously identified, however, statutes providing for the tolling of limitation periods due to disability, such as minority, existed before the Oregon Constitution was adopted, and more were adopted soon afterward. Tolling provisions that recognize a disability are statutes; they are not components of the constitution. There is simply no

---

[7] ORCP 27 A provides, in part:

"When a minor, who has a conservator of such minor's estate or a guardian, is a party to any action, such minor shall appear by the conservator or guardian as may be appropriate or, if the court so orders, by a guardian ad litem appointed by the court in which the action is brought. If the minor does not have a conservator of such minor's estate or a guardian, the minor shall appear by a guardian ad litem appointed by the court."

authority to support plaintiff's contention that Oregon's constitutional framers intended the Remedy Clause to prevent legislative alteration of the 1854 tolling statute for minority.

ORS 12.160 suspends the statute of limitations for the claims of minors. ORS 12.110(4) limits that suspension to five years from the date of medical treatment. The Remedy Clause creates no barriers to the enactment of a statute that modifies the disability protection that minors enjoyed before 1859. Consequently, the prestatehood disability law does not protect mother from the five-year limitation in ORS 12.110(4). That statute bars her claim on behalf of her son.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.