# IN THE OREGON TAX COURT
## REGULAR DIVISION

Katrina WYNNE,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4709)

Katrina Wynne, Plaintiff (taxpayer) argued the cause *pro se*.

Rochelle Nedeau, Assistant Attorney General, Department of Justice, filed the motion for Defendant (the department).

Decision for Defendant rendered July 7, 2005.

### HENRY C. BREITHAUPT, Judge.

## I. INTRODUCTION

This matter comes before the court on a motion to dismiss and on a motion for a protective order filed by Defendant Department of Revenue (the department). Plaintiff (taxpayer) and the department have filed a number of documents in respect of those motions.

## II. FACTS

Taxpayer owns a residential manufactured structure in Lincoln County (the property). Taxpayer previously had a dispute related to the property with the Lincoln County Assessor[1] (the county) in the Magistrate Division with respect to the 2001-02 through 2003-04 property tax years. On November 10, 2004, that dispute was resolved when the Magistrate issued a Judgment of Stipulation declaring the real market value (RMV) of the property for each of the three property tax years.[2]

Also in the month of November 2004, the county mailed a property tax statement to taxpayer in which it indicated that the property's assessed value was $32,840. Taxpayer apparently responded to that mailing by appealing to both divisions of this court. Taxpayer asserts that her appeal to the Magistrate Division is limited to a valuation dispute as

---

[1] Taxpayer also uses the acronym "LCAO" in place of "Lincoln County Assessor Office."

[2] The parties stipulated to property values as follows: (1) $25,800 for the 2001-02 property tax year; (2) $24,900 for the 2002-03 property tax year; and (3) $24,000 for the 2003-04 property tax year.

to the property for the 2004-05 property tax year. At one point, taxpayer filed a Petition for Special Designation of that matter to the Regular Division. The court denied that petition and, as of the date of this order, that matter is ongoing in the Magistrate Division.

In her Regular Division Complaint, taxpayer makes three types or categories of claims for relief:[3] (1) declaratory relief; (2) injunctive relief; and (3) a judgment related to the value of the property for the 2004-05 property tax year. In the alternative, taxpayer stated that if she "lacks standing in the regular division, * * * [then] this action [should] be remanded to the magistrate division."

The department responded to taxpayer's Complaint by filing a motion to dismiss. Subsequently the department filed a motion for a protective order in response to taxpayer's first request for production. Those motions are now before the court.

## III.   ISSUES

A.   Should the court dismiss taxpayer's Complaint?

B.   Should the court grant the department's request for a protective order?

## IV.   ANALYSIS

The department has filed two motions to date. The court addresses those motions in turn.

A.   *Should the Court Dismiss Taxpayer's Complaint?*

■      As a threshold matter, the court notes that taxpayer makes some references to prior property tax years. To the extent that those years were the subject of the November 2004 Judgment of Stipulation, issues arising out of those years may not now be entertained by this court. Tax Court

---

[3] Taxpayer's Complaint contains three "claims" in addition to her stated claims for relief. Those "claims" provide substantive legal rationale and some factual information underlying taxpayer's claims for relief. Although the department makes arguments in reference to each of taxpayer's "claims," the court need not address taxpayer's "claims" independently from her claims for relief because the resolution of the claims for relief necessarily addresses each of taxpayer's "claims."

Rule - Magistrate Division (TCR-MD) 18 A. Any claim related to those years, therefore, must be dismissed. What remains are claims related to the 2004-05 property tax year and what may best be characterized as "general" issues with the county's valuation and assessment procedures and practices.

As outlined above, taxpayer's remaining claims for relief may be segmented into three types or categories. In addition, taxpayer makes one claim for relief in the alternative. In order to lead to an efficient result, the court will address those claims for relief out of the order presented in taxpayer's Complaint.

### 1. *2004-05 Property Valuation*

■     Taxpayer's fifth, sixth, and seventh claims for relief[4] relate to questions regarding the RMV of the property for the 2004-05 property tax year. The department asserts that those claims must be brought first to the Magistrate Division pursuant to ORS 305.501.[5] The court agrees with the department. Indeed, taxpayer has brought such an action in the Magistrate Division. Thus, taxpayer's claims for relief as to the 2004-05 must be dismissed.

### 2. *Declaratory Judgment*

Taxpayer's first and second claims for relief are for declaratory judgments. Taxpayer wants one judgment declaring that the county's assessment practices are unconstitutional under Oregon law and another judgment declaring that the county's certified ratio study has been unconstitutionally produced. The department quotes the Oregon Supreme Court for the proposition that the court may provide declaratory relief in cases only when it "can affect *in the present* some rights between the parties," particularly in

---

[4] In her Complaint, taxpayer lists eight claims under "Requested Relief." The court will refer to them as claims one through eight. The "fifth," "sixth," and "seventh" claims are as follows:

"41. Judgment—that the RMV of the subject property is $23,100, and the LCAO shall refund the excess tax paid by Plaintiff on Nov. 12, 2004.

"42. Judgment—costs, attorney fees, prejudgment interest, postjudgment interest.

"43. Judgment—any other relief within the jurisdiction of the court."

[5] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.

cases involving questions of constitutional importance. *TVKO v. Howland*, 335 Or 527, 535, 73 P3d 905 (2003) (quoting *Barcik v. Kubiaczyk*, 321 Or 174, 188, 895 P2d 765 (1995) (emphasis in original)). Taxpayer responds in part by making an extensive case as to why she has standing to bring claims for declaratory relief.

■■    To the extent that taxpayer's request for declaratory judgments is related to the county's treatment of her property for the 2004-05 property tax year, those claims must first be brought in the Magistrate Division. ORS 305.501(1). In addition, pursuant to ORS 28.060, "[t]he court may refuse to render or enter a declaratory judgment where such judgment, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Here the dispute is regarding *past* action of the county, the action that led to the mailing of the 2004-05 property tax assessment. Even if the court were able to fashion the declaration requested by taxpayer, and the court need not comment on the propriety of such a request, that would not end this dispute because taxpayer has not linked her requested declarations to the property tax year at issue. Taxpayer's claims for declaratory relief as to the 2004-05 property tax year must be dismissed.

■    To the extent that taxpayer requests some form of forward looking declaratory relief, such a claim is deficient for the reason articulated by the department. As stated above, declaratory relief must "affect *in the present* some rights between the parties." *TVKO*, 335 Or at 535. Any forward looking declaratory relief would merely attempt to prevent some future alleged wrongdoing. The court may not order such relief. Taxpayer's claims for forward looking declaratory relief must be dismissed.

■    In addition, the department argues that taxpayer's claims for declaratory relief may be viewed, at least in part, as a request for declaratory relief to benefit all other similarly situated taxpayers in the county. The department goes on to argue that taxpayer lacks standing to bring such claims for relief for similarly situated taxpayers. To the extent that such an implication may be gleaned from taxpayer's Complaints, taxpayer's supplemental response, in which she

argues individual standing, not standing to represent taxpayers generally, appears to abandon any such implication. To clear any lingering ambiguity, however, the court notes that if taxpayer intended to request such relief, under the rationale of *TVKO* she would not have standing because she would be attempting to affect rights between persons or entities other than herself. *Id.* The court concludes, therefore, that taxpayer's claims for declaratory relief must be dismissed.

### 3. *Injunctive Relief*

Taxpayer's third and fourth claims for relief are for injunctive orders. Taxpayer requests one order that would require the county to assess the property in a constitutional manner and another order that would require the county to assess the property by depreciating the property's RMV on a straight-line basis at an annual rate of 1.5%, starting from a base RMV of $60,000 in 1977.

As to taxpayer's first request for injunctive relief, the court understands that to be the operative order associated with taxpayer's requests for declaratory relief. Having dismissed taxpayer's claims for declaratory relief, taxpayer's attendant, or operative, claim for injunctive relief also must be dismissed. In addition, at the time taxpayer requested the injunctive relief, she had an adequate remedy at law: she could have appealed the allegedly incorrect county assessment to the Board of Property Tax Appeals. Moreover, in light of the Judgment of Stipulation that she entered into with the county on November 10, 2004, taxpayer may also have benefitted from ORS 309.115, the adjudicated value statute.

As to taxpayer's second request for an injunctive order, taxpayer has identified no statutory provisions that would require the county to assess the property in the manner that she proposes. The court concludes, therefore, that taxpayer's claims for injunctive relief must be dismissed.

### 4. *Remand*

In summary, the court has dismissed all of taxpayer's operative claims for relief. In the alternative, taxpayer requests the court to remand this matter to the

Magistrate Division. Taxpayer already has an ongoing matter in the Magistrate Division as to the 2004-05 property tax year; therefore, the court need not address whether to remand is available under these circumstances. Taxpayer's Complaint is dismissed and whatever relief she may seek must first be requested in her Magistrate Division case.

B. *The Department's Motion for a Protective Order*

Having determined that taxpayer's Complaint must be dismissed, the court concludes that the department's Motion for a Protective Order is moot.

## V. CONCLUSION

Based on the foregoing reasons, the court concludes that taxpayer's Complaint must dismissed. As a result, the department's Motion for a Protective Order has been rendered moot. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted; and

IT IS FURTHER ORDERED that Defendant's Motion for a Protective Order is denied as moot.

Costs to the department.