Submitted on the record December 1, 2006,
judgment of tax court affirmed March 29, 2007

Katrina WYNNE,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(TC 4709; SC S52738)

156 P3d 64

Katrina Wynne, appellant *pro se*, Yachats, filed the brief for herself.

Rochelle Nedeau, Assistant Attorney General, Salem, filed the brief for respondent. With her on the brief was Hardy Myers, Attorney General.

DURHAM, J.

## DURHAM, J.

Plaintiff appeals a judgment entered August 9, 2005, in the Oregon Tax Court, Regular Division, that dismissed her complaint with prejudice under TCR 21A(8) because it failed to state ultimate facts sufficient to constitute a claim for relief. This court has jurisdiction of an appeal from a judgment of the tax court. ORS 19.205; ORS 305.445. We affirm.

This case raises a procedural question: Does Oregon law authorize plaintiff to file her claims, which concern a dispute over ad valorem property taxes, in the Regular Division of the tax court without first filing those claims in that court's magistrate division? The tax court concluded that Oregon law required plaintiff to bring her claims first in the magistrate division, not the Regular Division. *Wynne v. Dept. of Rev.*, 18 OTR 306 (2005) (order granting motion to dismiss). To explain why we agree with that determination, we begin with a brief statement of the facts from the record, including plaintiff's complaint. In doing so, we construe the facts alleged in the complaint in the light most favorable to the nonmoving party, plaintiff.

The property in question is plaintiff's manufactured residential structure in Lincoln County (the county). Plaintiff disputed the valuation that the county assigned to the property for three tax years, 2001-02, 2002-03, and 2003-04. Plaintiff filed claims regarding those disputes in the magistrate division. On November 10, 2004, a magistrate resolved those disputes by entering a judgment, to which plaintiff stipulated, that declared the real market value of the property for the three years in question.

Also in November 2004, the county mailed a notice to plaintiff of the assessed valuation of the property for the 2004-05 tax year. Plaintiff disagreed with that assessment and pursued, unsuccessfully, an appeal under ORS 309.100 of the valuation decision to the county board of property tax appeals. She then filed two challenges to the board's decision, one in the magistrate division and one in the Regular Division of the tax court.[1] This case concerns plaintiff's challenge

---

[1] Plaintiff asked the tax court to remand her complaint in the Regular Division to the Magistrate Division in lieu of dismissing it. The tax court declined, because

to the valuation for the 2004-05 tax year that plaintiff filed in the Regular Division.

The Department of Revenue (department) filed a motion to dismiss the proceeding in the Regular Division, arguing that plaintiff failed to state facts sufficient to state a claim for relief from the Regular Division. The department argued that Oregon law required plaintiff to proceed first through the magistrate division before bringing any claim in the Regular Division.

In response, plaintiff raised a number of arguments. She asserted that her claim in the Regular Division sought to challenge the valuation methodology that the county had followed, not only the valuation of her property for a single tax year, and that she was requesting declaratory relief that would control the county's valuations in future years. She explained that that approach, in her view, was more efficient and would obviate the need to pursue identical appeals each year. She also pointed out that she had raised certain state constitutional challenges regarding the uniformity of the county's assessment of her property and argued that the magistrate division had no authority to consider constitutional challenges of that kind.[2] Finally, plaintiff contended that her claim incorporated a request for injunctive relief to control the county's conduct in the future. She asserted that only the Regular Division, not the magistrate division, could grant injunctive relief. As noted, the tax court rejected each of those arguments.

■    Plaintiff's complaint, reduced to its essence, challenges the county's valuation of her property for a single tax year, 2004-05. Plaintiff charges that the valuations that the

---

plaintiff's nearly identical complaint already was pending in the Magistrate Division. The correctness of that ruling is not at issue in this appeal.

On October 7, 2005, plaintiff moved to dismiss her challenge in the Magistrate Division. On October 18, 2005, a magistrate granted her motion and dismissed the Magistrate Division proceeding.

[2] Article I, section 32, of the Oregon Constitution provides, in part: "[A]ll taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax." In *Jarvill v. City of Eugene*, 289 Or 157, 177-78, 613 P2d 1 (1980), this court stated that "once a taxing authority selects a class for taxation, the tax must apply uniformly among all objects in the class."

county had assigned in previous tax years also were erroneous, but the November 10, 2004, judgment to which plaintiff stipulated finally adjudicated those earlier valuation disputes. Neither does plaintiff's assertion of constitutional bases for her challenge and her request for declaratory and injunctive relief alter the character of her complaint. Although the department offers a variety of reasons why plaintiff cannot seek those particular forms of relief in this proceeding, we conclude, as did the tax court, that plaintiff's complaint is insufficient for a more fundamental reason.

The statutory authority for plaintiff's appeal of her dispute with the county is ORS 305.275, which provides, in part:

"(1)   Any person may appeal under this subsection to the magistrate division of the Oregon Tax Court as provided in ORS 305.280 and 305.560, if all of the following criteria are met:

"(a)   The person must be aggrieved by and affected by an act, omission, order or determination of:

"* * * * *

"(B)   A county board of property tax appeals other than an order of the board;

"* * * * *

"(b)   The act, omission, order or determination must affect the property of the person making the appeal * * *.

"(c)   There is no other statutory right of appeal for the grievance.

"* * * * *

"(3)   Subject to ORS 305.403, if a taxpayer may appeal to the board of property tax appeals under ORS 309.100, then no appeal shall be allowed under this section. The appeal under this section is from an order of the board as a result of the appeal filed under ORS 309.100 or from an order of the board that certain corrections, additions to or changes in the roll be made."

Plaintiff's case meets the criteria listed in ORS 305.275(1). Therefore, that statute entitled her to appeal "to the magistrate division of the Oregon Tax Court as provided

in ORS 305.280 and 305.560 * * *." ORS 305.280 lists several timelines and other rules for tax appeals that are not material to the present discussion. ORS 305.560(1)(a) requires a taxpayer to file "an appeal under ORS 305.275 * * * with the clerk of the Oregon Tax Court * * *." ORS 305.560 does not refer in text to the filing of the appeal in either the "magistrate" or "regular" divisions of the tax court. However, another statute, ORS 305.501, explains that procedural matter. ORS 305.501 provides, in part:

"(1)   Except as provided in subsection (2) of this section [authorizing mediation of a tax appeal under specified circumstances], an appeal to the tax court shall be heard by a tax court magistrate unless specially designated by the tax court judge for hearing in the Regular Division. * * *

"* * * * *

"(5)(a)   Any party dissatisfied with a written decision of a magistrate may appeal the decision to the judge of the tax court by filing a complaint in the Regular Division of the tax court within 60 days after the date of entry of the written decision.

"* * * * *

"(d)   Appeal to the judge of the tax court is the sole and exclusive remedy for review of a written decision of a magistrate."

The record contains no special designation by the tax court judge under ORS 305.501(1) authorizing the Regular Division to hear plaintiff's appeal, and we are aware of none. Consequently, plaintiff had authority to appeal solely to the magistrate division. And, because plaintiff did not first obtain a written decision of a magistrate regarding her claim, no statute authorized her to appeal to the Regular Division under ORS 305.501(5)(a).

Plaintiff's allegations that the county's valuation procedures transgress various constitutional requirements furnish no justification for plaintiff's decision to bypass the magistrate division. Her constitutional law arguments do not alter the fact that her appeal is solely a challenge to the valuation of her property that is subject to ORS 305.275.

Plaintiff asserts that her requests for declaratory and injunctive relief against future violations of her rights by the county entitle her to appeal to the Regular Division. We disagree. ORS 309.115 supplies plaintiff with the prospective protection that the legislature deems appropriate if she is successful in obtaining a final order correcting the assessed value of her property.[3] Plaintiff's generalized claim for declaratory and injunctive relief fails to take into account the specific remedial policy choices that ORS 309.115 identifies. She does not explain away the conflict between ORS 309.115 and the open-ended remedies that she seeks. More to the point, she does not explain why her request for declaratory and injunctive relief entitles her to sidestep the magistrate division. Plaintiff is not free to evade the legislatively pre-scribed scheme for review and remediation of her property tax valuation appeal by incorporating into her complaint a broad request for declaratory and injunctive relief, and argu-ing that the procedural path that she wishes to follow is more efficient than the path that the legislature has required.

---

[3] ORS 309.115 provides, in part:

"(1) If the Department of Revenue, the board of property tax appeals or the tax court or other court enters an order correcting the real market value of a separate assessment of property and there is no further appeal from that order, except as provided under subsection (2) or (3) of this section, the value so entered shall be the real market value entered on the assessment and tax rolls for the five assessment years next following the year for which the order is entered.

"(2) Notwithstanding subsection (1) of this section, the following adjust-ments may be made to the real market value during the period described in subsection (1) of this section:

"(a) Annual trending or indexing applied to all properties of the same property class in the county, or within clearly defined areas of the county under this chapter.

"(b) Annual trending or depreciation factors applied to similar property.

"(c) Additions or retirements based upon returns filed under ORS 308.290.

"(d) Additions, retirements or economic trending from the annual valua-tions under ORS 308.505 to 308.665.

"(e) Increases directly related to additions, remodeling or rehabilitation made to property.

"(f) Changes directly related to subdividing or partitioning the property.

"(g) Changes directly related to rezoning the property and using the prop-erty consistent with the rezoning.

"(h) Property damaged, destroyed or otherwise subject to loss of real mar-ket value."

■        Finally, plaintiff argues that the tax court erred in dismissing her complaint with prejudice. We disagree. Plaintiff was powerless to cure her error—appealing to the wrong division within the tax court—by modifying the allegations in her complaint. Dismissal of the complaint with prejudice was the correct disposition.

The judgment of the tax court is affirmed.