ORDER
This matter is before the court on Defendants' motion for dismissal (motion) of Plaintiff's value appeal for the 2003-04 through 2006-07 and 2008-09 through 2012-13 tax years. The court addressed Defendants' motion during the July 2, 2008, oral argument. Katrina Wynne appeared on her own behalf. Rochelle Nedeau appeared on behalf of defendants.
 I. STATEMENT OF FACTS
Plaintiff owns a residential manufactured structure in Lincoln County (the property), identified as Account M192410. On March 16, 2004, Plaintiff appealed to the Tax Court the Lincoln County Assessor's (the county) valuation of the property for the 2001-02, 2002-03, and 2003-04 tax years. Based on an agreement between Plaintiff and the county, the Magistrate Division of the Tax Court resolved the dispute by issuing a Judgment of Stipulation declaring the real market value (RMV) of the property for each of the three tax years. Wynne v. Lincoln CountyAssessor, TC-MD No 040159F (Nov 10, 2004).
In November 2004, Plaintiff received the county's valuation of the property for the 2004-05 tax year and, disagreeing with the assessment, appealed to the board of property tax appeals (board). The board sustained the county's assessment and Plaintiff appealed to both the *Page 2 
Regular and Magistrate Divisions of the Tax Court. Plaintiff filed her Regular Division Complaint before she filed her Complaint in the Magistrate Division. The claims and requested relief in both appeals were almost identical. In the matter before the Regular Division, Defendant Department of Revenue (the department), moved to dismiss on grounds that Oregon law required Plaintiff to proceed first through the Magistrate Division before bringing a claim in the Regular Division. That motion was granted and the Complaint was dismissed with prejudice.Wynne v. Dept. of Rev., 18 OTR 306 (2005). The Regular Division Order, issued July 7, 2005, was affirmed on appeal by the Oregon Supreme Court.Wynne v. Dept. of Rev., 342 Or 515, 156 P3d 64 (2007) (Wynne).
Shortly after the Regular Division dismissed her case, Plaintiff moved to dismiss the proceeding before the Magistrate Division on various grounds. Defendant agreed to accept Plaintiff's motion, waiving its own counterclaim. The magistrate allowed the motion and dismissed the case by Judgment of Dismissal, issued October 18, 2005. Wynne v. LincolnCounty Assessor, TC-MD No 050153E (Oct 18, 2005).
Sometime later, after receiving the county's valuation of the property for the 2007-08 tax year, Plaintiff appealed the assessment to the board. On February 12, 2008, the board mailed out an order notifying Plaintiff that it had sustained the county's assessment. Disagreeing with the board's decision, Plaintiff filed the current appeal with the Tax Court on March 13, 2008. This appeal, in addition to challenging the county's valuation for tax year 2007-08, includes claims for tax years 2003-04, [1] 2004-05, 2005-06, 2006-07, and future tax years 2008-09 through 2012-13. *Page 3 
 II. ANALYSIS
Defendants filed a motion to dismiss all of Plaintiff's claims relating to any tax years except for her appeal of the 2007-08 RMV and assessed value (AV) for the property. Before the court can consider any substantive arguments, it must first determine if it has the authority to hear the appeal. Because this appeal involves multiple tax years, with different analysis applying to different years, the court addresses the various tax years separately.
A. Tax Year 2003-04
Plaintiff previously appealed the county's valuation of the property for tax years 2001-02, 2002-03, and 2003-04, and the Magistrate Division issued a Judgment of Stipulation on November 10, 2004, based on the parties' pretrial oral agreement as to the value of the property for the years at issue. Wynne, TC-MD No 040159F. "Once a tax year has been appealed and placed in litigation before the court, the judicial doctrine of claim preclusion applies." U.S. Bancorp v. Dept. ofRev., 15 OTR 13, 16 (1999). Moreover, "[o]nce a tax year has been placed in issue before the court, both parties are obligated to raise all issues and defenses in connection with that claim so that the claim may be finally resolved." Id. at 17. The court's stipulated judgment resolved Plaintiff's appeal for those tax years and may not later be appealed. ORS 305.501(7)[2] provides that such a "judgment shall be binding upon all parties." See also Tax Court Rule-Magistrate Division (TCR-MD) 19 (providing that "[j]udgments issued by the magistrate are not appealable"). Because the disputes arising from property tax years 2001-02, 2002-03, and 2003-04 were properly resolved in the November 2004 Judgment of Stipulation, based on the agreement between Plaintiff and the county, issues arising *Page 4 
out of those years may not be resurrected at this later date. Plaintiff's current claims to the 2003-04 tax year must therefore be dismissed.
B. Tax Year 2004-05
Plaintiff's current appeal includes various claims relating to the 2004-05 tax year. As noted briefly above, Plaintiff had previously appealed the valuation of the property for that tax year to both the Regular and Magistrate Divisions of the Tax Court. The proceeding before the Regular Division was dismissed with prejudice. Wynne, 18 OTR 306
(2005), aff'd 342 Or 515, 156 P3d 64 (2007). As to the proceeding in the Magistrate Division, Plaintiff withdrew that appeal after being dismissed by the Regular Division, and the Magistrate Division then issued a Judgment of Dismissal. Wynne, TC-MD No 050153E (Oct 18, 2005). Regardless of the fact that the Magistrate Division dismissal was voluntary and without prejudice, "[j]udgments issued by the magistrates are not appealable." TCR-MD 19. Accordingly, Plaintiff may not currently appeal the 2004-05 tax year.
Even if Plaintiff's appeal had not been barred by TCR-MD 19, the court does not have statutory authority to hear a current appeal of the tax year in question. The court's broadest authority lies in ORS305.288, [3] which allows the court to order a change or correction for the current tax year and the two tax years immediately preceding the current tax year, provided the statutory requirements are met. In other words, the court may have authority to hear appeals for the current tax year, 2007-08, and the two tax years immediately preceding the current tax year, 2006-07 and 2005-06. Because the tax year at issue, 2004-05, is one year beyond the reach of *Page 5 
the three-year window found in ORS 305.288, the court has no authority to hear the appeal under ORS 305.288.
Plaintiff asserts that ORS 305.280(1) grants the court authority to hear the claims relating to the 2004-05 tax years under ORS 305.275(1) because the current appeal was filed within one year of the Oregon Supreme Court's decision in Wynne. The court disagrees. ORS 305.280(1) provides that "an appeal under ORS 305.275(1) * * * shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made." (Emphasis added.) Because ORS 305.280 refers to appeals under ORS305.275, the requirements set forth in the latter statute must be met for an appeal to be heard.
ORS 305.275 requires that the act, omission, order or determination that can be appealed must result from the Department of Revenue, a county board of property tax appeals, a county assessor, or a tax collector. ORS 305.275(1)(a). In interpreting a statute, the court is guided by the methodology of statutory construction set forth by the Oregon Supreme Court in PGE v. Bureau of Labor and Industries,317 Or 606, 610-611, 859 P2d 1143 (1993). The court must start with the text of the statute itself, and must not "insert what has been omitted."Id. The court, therefore, can hear appeals under ORS 305.280 only if the act, omission, order, or determination Plaintiff is appealing from was issued by one of the four entities listed in ORS 305.275(1)(a). Because the Oregon Supreme Court is not among the entities listed in ORS305.275(1)(a), the court has no jurisdiction under ORS 305.280 to hear an appeal for the 2004-05 tax year, regardless of timing. Put another way, there is no statutory authority for appealing from the Supreme Court back to the Magistrate Division of the Tax Court, at least barring a remand from the Supreme Court to the Magistrate Division of the Tax Court. That *Page 6 
would be a highly unusual situation because appeals go from the Magistrate Division to the Regular Division (ORS 305.501(5)) and a decision of the judge of the Regular Division is appealed to the Oregon Supreme Court (ORS 305.445).
Plaintiff also asserts that the Oregon Supreme Court's decision inWynne authorized her to bring "constitutional or due process claims" before the Magistrate Division under ORS 305.275. (Ptf's Resp to Mot to Dismiss at 3.) During oral argument, Plaintiff contended that the magistrate who heard her appeal for the 2004-05 tax year ruled (apparently orally) that she could not bring constitutional claims in the Magistrate Division and that the Supreme Court overruled that ruling, authorizing her to bring a constitutional claim in the Magistrate Division. Plaintiff misunderstands the import of the Supreme Court's decision.
The Supreme Court did not say that Plaintiff could go back to the Magistrate Division and bring constitutional and due process claims. Their decision did not, in fact, address constitutional issues, but, instead, simply affirmed the procedural requirement declared by the Regular Division of the Tax Court that Plaintiff had to first appeal to the Magistrate Division before appealing to the Regular Division.[4]
The Regular Division noted in its Decision that Plaintiff had an appeal pending before the Magistrate Division. Plaintiff, however, subsequently withdrew her Magistrate Division appeal, resulting in a Judgment of Dismissal. As the court has already explained, that judgment could not, and cannot, be appealed. Although the dismissal was without prejudice, entitling Plaintiff to bring another appeal, the only avenue open at that point was relief under ORS 305.288 and, as already noted, Plaintiff did not act timely under ORS 305.288 concerning *Page 7 
the 2004-05 tax year.
Plaintiff also asserts that the claims for the 2004-05 tax year may be appealed under ORS 12.070 because the appeal was filed within 10 years of the magistrate's November 10, 2004, stipulated judgment. (Ptf's Compl at 2). ORS 12.070 provides in part: "(1) An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States * * * shall be commenced within 10 years." That statute, however, "should not be read in isolation but must be considered in context." Vsetecka v. Safeway Stores, Inc., 337 Or 502,508, 98 P3d 1116 (2004) (citation omitted). ORS 12.010 provides that "[a]ctions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where adifferent limitation is prescribed by statute." (Emphasis added.) Because the legislature prescribed different time limitations for appeals to the Tax Court through ORS 305.280 and ORS 305.288, the 10-year period is inapplicable and the court may not hear Plaintiff's claims under ORS 12.070. Consequently, the claims relating to the 2004-05 tax year must be dismissed.
C. Tax Years 2005-06 and 2006-07
The court may have jurisdiction over Plaintiff's claims for the 2005-06 and 2006-07 tax years if the requirements of ORS 305.288 are met. The statute grants the court authority to order a change or correction in value for the current tax year or for either of the two tax years immediately preceding the current tax year provided the requirements of that statute are satisfied. ORS 305.288 provides in part:
 "(1) The tax court shall order a change or correction applicable to a separate assessment of property * * * for the current tax year or for either of the two tax years immediately preceding the current tax year, or for any or all of those tax years, if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is *Page 8 
applicable, the property was or is used primarily as a dwelling * * *.
 "(b) The change or correction requested is a change in value * * * and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent.
 "* * * *
 "(3) The tax court may order a change or correction applicable to a separate assessment of property * * * for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
Thus, ORS 305.288 allows the court to order a change or correction in value for the 2005-06 and 2006-07 tax years provided (1) the difference between alleged RMV and roll value is at least 20 percent or (2) the taxpayer can establish "good and sufficient cause" for not filing in time with the board. In this case, Plaintiff alleges that the difference between RMV and the roll values is greater than 20 percent. Plaintiff, however, has not asserted enough facts to allow the court to determine whether the difference is as alleged. Although proceedings in the Magistrate Division may be informal, the pleading must include the information necessary to determine if an error of 20 percent has, in fact, been alleged. Because the requisite information is lacking, Defendant's Motion to Dismiss is granted. Plaintiff, however, may amend her Complaint to include facts to support the alleged difference. *Page 9 
D. Tax Years 2008-09 through 2012-13
Plaintiff also requests the court to order the county "to adjust the [property's] RMV" for five future tax years, covering 2008-09 through 2012-13. (Ptf's Compl at 11). In her response to Defendants' motion to dismiss, Plaintiff explains "it is redundant to request the court to tell Defendant that it may not continue to violate with impunity, the process of law due Plaintiff." (Ptf's Resp to Mot to Dismiss at 29). In essence, Plaintiff's concern is with future action Defendants may take.
The right of an individual to bring an appeal in the Oregon Tax Court is found in ORS 305.275(1), which requires that the taxpayer be "aggrieved." To be "aggrieved," a taxpayer needs to have "an immediate claim of wrong." Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000). Because Plaintiff's requested relief is for future action that may or may not occur, she has no "immediate claim of wrong." Id. The Regular Division of this court previously made that point clear to this Plaintiff in her 2004-05 tax year appeal to that court, where it held that "[t]o the extent that taxpayer requests some form of forward looking declaratory relief, such a claim is deficient * * * [because] declaratory relief must `affect in the present some rights between the parties.'"Wynne, 18 OTR at 310 (2005) (quoting TVKO v. Howland, 335 Or 527, 535,73 P3d 905 (2003)) (emphasis in original). Plaintiff seems unwilling to accept that ruling. Nonetheless, Plaintiff does not have standing to bring the appeal for the tax years 2008-09 through 2012-13, and claims for those years must be dismissed.
 III. CONCLUSION
Based on the foregoing, the court concludes that it has no statutory authority to hear Plaintiff's appeals for tax years 2003-04 and 2004-05 because judgments have been issued and may not be appealed, and Plaintiff did not appeal in time to bring a claim under ORS 305.288. *Page 10 
Furthermore, Plaintiff may not currently bring appeals relating to future tax years 2008-09 through 2012-13 because she is not aggrieved. Now, therefore,
IT IS ORDERED that Defendants' Motion to Dismiss the appeal for tax years 2003-04, 2004-05, and future tax years 2008-09 through 2012-13 is granted;
IT IS FURTHER ORDERED that Defendants' Motion to Dismiss the appeals for tax years 2005-06 and 2006-07 is granted;
IT IS FURTHER ORDERED that Plaintiff has until October 10, 2008, to file with the court, an Amended Complaint setting forth her alleged values for tax years 2005-06 and 2006-07, and the values on the assessment and tax rolls for those years (Plaintiff shall attach copies of the order, letter, notice, or other document being appealed);
IT IS FURTHER ORDERED that Defendant shall file a responsive pleading on or before October 31, 2008; and
IT IS FURTHER ORDERED that this case shall be retained in the Magistrate Division for consideration of tax year 2007-08, and tax years 2005-06 and 2006-07.
Dated this ____ day of September 2008.
This interim order may not be appealed. Any claim of error in regardto this order should be raised in an appeal of the Magistrate's finalwritten decision when all issues have been resolved. ORS 305.501.
 This document was signed by Magistrate Dan Robinson on September 18,2008. The Court filed and entered this document on September 18,2008.
[1] Plaintiff's Complaint lists five claims. Claim number four, despite being titled "Tax Refund Due 2004-05, TCR-MD 20," requests a tax refund, plus interest, for the 2003-04 tax year. Although Plaintiff's subsequent reply to Defendants' Motion to Dismiss states that she makes no claims for that tax year, the court will address the tax year in this order because Defendant has moved to dismiss the claim.
[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2003. There were no relevant changes to the statutory language during the 2005 and 2007 legislatures.
[3] ORS 305.288 authorizes the court to "order a change or correction applicable to a separate assessment of property to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * *" provided the property is a single-family dwelling and (1) there is at least a 20 percent difference between the real market value on the assessment and alleged real market value, or (2) "good and sufficient cause" exists for Plaintiff not filing on time with the board of property tax appeals.
[4] The Supreme Court noted that under ORS 305.501, appeals to the Tax Court are to be heard by a Tax Court magistrate unless specially designated to the judge of the regular division of the court. Because there was no special designation, "plaintiff had authority to appealsolely to the magistrate division." Wynne, 342 Or at 520 (emphasis added). The court then stated: "because plaintiff did not first obtain a written decision of a magistrate regarding her claim, no statute authorized her to appeal to the Regular Division under ORS305.501(5)(a)." Id. *Page 1