50          April 1, 2015          No. 7

IN THE OREGON TAX COURT
REGULAR DIVISION

CHINA MANUFACTURERS ALLIANCE LLC,
and Cheng Shin Rubber USA, Inc.,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5240)

Plaintiffs (taxpayers) filed a complaint requesting a declaratory judgment that they were protected from taxation by the state of Oregon by reason of a federal statute and provisions of the Constitution of the United States. The complaint was filed after Defendant Department of Revenue (the department) had begun to investigate whether taxpayers had a duty to file tax returns in Oregon. Granting the department's motion to dismiss, the court ruled that while the Tax Court has the authority to issue declaratory judgments, it has concluded that actions for declaratory relief should not be continued where there are other procedures available, especially when a procedure available to a plaintiff is to challenge action of the department or other government in the Magistrate Division of the Tax Court.

Submitted on Defendant's Motion to Dismiss.

James C. Strong, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant Department of Revenue (the department).

Stephanie E.L. McCleery, K & L Gates LLP, Portland, filed a response for Plaintiffs (taxpayers).

Decision for Defendant rendered April 1, 2015.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on the motion of Defendant (the department) to dismiss the complaint of Plaintiffs (taxpayers). Neither party has requested a hearing on the motion pursuant to Tax Court Rule (TCR) 14 F(1).

The complaint in this Corporation Excise Tax case seeks a declaratory judgment that they are protected from taxation by the state of Oregon by reason of a federal statute and provisions of the Constitution of the United States.

The complaint was filed after the department began to investigate whether taxpayers had a duty to file tax returns in Oregon. Just prior to formal assessments of tax by the department, taxpayers brought this action.

The Tax Court has the authority to issue declaratory judgments. However, this court has concluded that actions for declaratory relief should not be continued where there are other procedures available. That is especially true when a procedure available to a plaintiff is to challenge action of the department or other government in the Magistrate Division of this court.

In *Wynne v. Dept. of Rev.*, 342 Or 515, 156 P3d 64 (2007), the Oregon Supreme Court acknowledged the legislative purpose in having tax disputes proceed, in most cases, through the Magistrate Division of this court.

The motion of the department is granted. The motions of taxpayers to strike and for sanctions and the department's request for sanctions are denied.

Counsel for the department is directed to submit a form of judgment. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.