176            October 28, 2022            No. 10

IN THE OREGON TAX COURT
REGULAR DIVISION

Aleksandr SHEVTSOV,
*Plaintiff,*
*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant.*
*and*

MULTNOMAH COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5442)

The court denied the Multnomah County Assessor's (the county's) motion to dismiss for lack of jurisdiction, because the county relied upon facts not in evidence. The facts the county relied upon were not in the complaint and the county did not submit any affidavits, declarations, or other evidence, relying instead only on facts determined in the Magistrate Division proceeding from which the appeal was taken. The Regular Division is required to apply the rules of evidence in deciding the merits of each case *de novo. See* ORS 40.015(1) (applying Oregon Evidence Code to "all courts in this state" without exception for Regular Division); ORS 305.425(1) (requiring *de novo* review). The Regular Division cannot import facts from the Magistrate Division because the rules of evidence do not apply in the Magistrate Division. *See* ORS 305.501(4)(a).

Submitted on Defendant-Intervenor's Motion to Dismiss.

Carlos A. Rasch, Multnomah County Counsel, Portland, filed the motion for Defendant-Intervenor Multnomah County Assessor (the county).

Aleksandr Shevstov, Plaintiff, filed a response *pro se.*

Decision rendered October 28, 2022.

**ROBERT T. MANICKE, Judge.**

This case is before the court on the motion of Defendant-Intervenor Multnomah County Assessor (the county) to dismiss Plaintiff's complaint. On a motion to dismiss, the court takes the well-pleaded facts alleged in the complaint as true. *See Bradbury v. Teacher Standards and Practices Comm.*, 328 Or 391, 393, 977 P2d 1153 (1999). In addition, the court may rely on "other evidence," including

evidence presented through affidavits or declarations, so long as all parties have a reasonable opportunity to present such evidence. Tax Court Rule (TCR) 21 A. The court gives the plaintiff, as the nonmoving party, the benefit of all favorable inferences that may be drawn from the facts. *See Bradbury*, 328 Or at 393.

In this case, the complaint consists of the court's one-page form, on which Plaintiff wrote the following: "Plaintiff respond to [decision] of dismissal not taken to account." Plaintiff also wrote on the form that he requested a judgment "declaring that property tax 2019 and 2020 for R546590 reduced RMV (300,000)." Other than those two statements and Plaintiff's identifying information, the complaint contains no further facts. The county's motion asks the court to dismiss this case for lack of jurisdiction. The motion represents, among other things, that Plaintiff attempted to file a petition with the Board of Property Tax Appeals for tax year 2020 but failed to pay a locally imposed fee, and that the amount of value reduction Plaintiff seeks for the property does not meet the criteria of ORS 305.288.[1] The county then makes legal arguments about the court's lack of jurisdiction based on those factual representations.

The court must deny the county's motion because the facts on which it relies are not in evidence. They are not in the complaint. The county submitted no affidavits, declarations or other evidence. It is unclear to the court whether the county asks the court to accept as evidence facts stated in the magistrate's order or decision, or in documents submitted to the magistrate. In any event, the court cannot do that. This division of the court is required to decide the merits of each case *de novo*, applying the rules of evidence. *See* ORS 305.425(1) (requiring *de novo* review); ORS 40.015(1) (Oregon Evidence Code applies to "all courts in this state" without exception for Regular Division).[2] In

---

[1] Citations to the Oregon Revised Statutes (ORS) are to the 2021 edition.

[2] The county's motion does not raise the frequently recurring circumstance recently presented afresh in *Salisbury,* in which the magistrate had dismissed the complaint because the plaintiff had failed to comply with a court rule or order. *See Salisbury v. Dept. of Rev.*, 24 OTR 497 (2021). In that circumstance, this division "must initially restrict its de novo review to the issue of dismissal in the Magistrate Division" because failure to do so "'would, in essence, render

doing so, this division cannot simply import facts from the Magistrate Division because the statutes governing the Tax Court do not require the Magistrate Division to enforce the rules of evidence against the parties or to apply those rules when determining facts. *See* ORS 40.015(1)(a) (Oregon Evidence Code does not apply to Magistrate Division proceedings).

In his response to the county's motion, Plaintiff asks the court to set this case for trial on the value of the property. Because the county has sought to raise legal arguments that may depend on facts other than those relevant to the value of the property, the court will deny Plaintiffs request and instead will continue the case for 30 days to allow any party to present legal issues by motion. If no party does so within the 30-day continuance, the court will convene a case management conference to set the case for trial. Now, therefore,

IT IS ORDERED that Defendant-Intervenor's Motion to Dismiss is denied; and

IT IS FURTHER ORDERED that the case is continued until November 27, 2022, after which the court will convene a case management conference if no dispositive motion has been filed.

---

meaningless the requirement that \*\*\* matters first be heard in the Magistrate Division.'" *Bleoaja v. Dept. of Rev.*, 20 OTR 102, 106 (2010) (citing *Spears v. Dept. of Rev.*, 20 OTR 88, 89 (2010) (*Spears I*) (quoting *Freitag v. Dept. of Rev.*, 19 OTR 144, 148 (2006)); *see also Wynne v. Dept. of Rev.*, 342 Or 515, 520, 156 P3d 64 (2007) (a plaintiff may not "bypass" the Magistrate Division). By contrast, the facts the County recites in its motion go to the substantive issues of Plaintiff's case in either division of the court and appear to have nothing to do with alleged noncompliance with a Magistrate Division rule or order.