IN THE OREGON TAX COURT
REGULAR DIVISION
Local Income Tax

VIKRANT SALAR,                              )
                                           )
                Plaintiff,                 )
        v.                                 )    **TC 5491**
                                           )
METROPOLITAN SERVICE DISTRICT              )
(METRO) and CITY OF PORTLAND               )
REVENUE DIVISION,                          )    **ORDER GRANTING IN PART AND**
                                           )    **DENYING IN PART DEFENDANTS'**
                Defendants.                )    **MOTION TO DISMISS**


I.        INTRODUCTION

This matter, involving personal income tax imposed by Metro and administered by the

City of Portland (City) through the City's Revenue Division, is before the court on Defendant

Metro's Motion to Dismiss, filed November 14, 2025, which Defendant City adopts by reference

in its own contemporaneous motion.[1]  Plaintiff filed his Opposition on November 26, 2025, a

Supplemental Opposition on November 29, 2025, and "status reports" more recently.

Defendants argue that the court lacks jurisdiction to hear Plaintiff's complaint because

"Plaintiff [1] is not aggrieved, [2] has not exhausted administrative remedies, and [3] seeks a

review of determinations of a local government related to the administration and distribution of a

_____

[1] "Metro" is the Portland area metropolitan service district operating pursuant to the Metropolitan Service District Act of 1997 (ORS ch 268) and pursuant to the Metro Charter.  *See* Metro Charter, Chapter 1, § 2 (establishing names "Metro" or "Metropolitan Service District").  Metro imposes a tax on resident individuals pursuant to the Metro Personal Income Tax Law, codified in chapter 7.06 of the Code of the Metropolitan Service District (Metro Code).  *See* Metro Code §§ 1.01.001, 7.06.040(a).  All funds received from the personal income tax, and from Metro's business income tax imposed by Metro Code section 7.07.030, are considered "supportive housing services revenue," and the two taxes together commonly are referred to as the "supportive housing services tax." *See* Metro Code § 11.01.040.  References to the Metro Code are to the edition dated September 24, 2024, found at https://www.oregonmetro.gov/about-metro/structure-and-operations/metro-code.  References to the Metro Charter are to the edition dated January 12, 2015, found at https://www.oregonmetro.gov/resources/metro-charter. References to the Oregon Revised Statutes (ORS) are to the 2025 edition.

tax * * * ."  (Defs' Motion at 4.)  *See* Tax Court Rule (TCR) 21 A(1) (allowing motion to dismiss to assert defense of lack of jurisdiction over the subject matter).  Defendants seek dismissal with prejudice.  (Defs' Motion at 9-10.)  Plaintiff, who appears *pro se*, argues against dismissal, but in particular asserts that dismissal with prejudice, on the grounds of failure to exhaust administrative remedies, would spring a "procedural trap" because he is in the process of pursuing his administrative remedies."  (Ptf's Response at 2.)  Plaintiff urges the court to stay this appeal and "reach the merits de novo on a complete record once exhaustion is complete." (*Id.* at 3.)

The court will grant Defendants' motion in part, to the extent of dismissing Plaintiff's complaint.  The court concludes that the magistrate properly dismissed Plaintiff's Magistrate Division complaint on the grounds that (1) to the extent Plaintiff sought to appeal a determination by the City, Plaintiff had failed to comply with the statutory requirement under ORS 305.275(1)(a)(E) to exhaust his administrative remedies before filing his complaint and (2) to the extent Plaintiff sought declaratory relief, the Magistrate Division was not authorized to give it.  The court concludes further that, to the extent Plaintiff seeks declaratory relief anew in this division, the judicial doctrine of exhaustion of administrative remedies requires dismissal. However, the court will deny Defendants' motion to the extent that it seeks dismissal with prejudice.  Instead, precisely because Plaintiff has not yet exhausted his administrative remedies, this division's dismissal is without prejudice.

## II.  FACTS

Plaintiff, an individual, resides within the Metro boundaries.  (*See* Ptf's Compl at 3-4.) He filed original and amended personal tax returns for the tax years at issue.  (*See id.*)  The tax years at issue are 2022, 2023, and 2024.  (*See id.* at 7.)

On March 18, 2025, Plaintiff filed an "administrative filing to Metro/City (Revenue Division) seeking (a) a refund/credit resolution for TY 2022 and TY 2023 and (b) a non-liability position for TY 2024 with return of any amounts on account." (*Id.* at 5.) Plaintiff's filing is not in the record; however, the court interprets this allegation to mean that Plaintiff sought to claim a refund of tax for tax years 2022 and 2023 and sought a determination that he owed no tax for tax year 2024.[2]

On April 4, 2025, "[t]he City's auditor responded, referencing the need for amended filings and pointing to the protest pathway." (*Id.*) Having reviewed a copy of the April 4, 2025, letter submitted by Plaintiff, the court interprets this to mean that Defendants declined to grant Plaintiff's refund claims for tax years 2022 and 2023, and declined to grant his request for a determination as to tax year 2024, on the grounds that Plaintiff's requests were premature or otherwise procedurally improper under the Metro Code. (Ptf's Status Report, Ex 3.)

A. *Magistrate's Decision and Plaintiff's Complaint to this Division*

On September 24, 2025, Plaintiff appealed to the Magistrate Division, which entered a Decision of Dismissal. (*See* Ptf's Compl, Ex A.) The magistrate identified three issues for decision, ultimately concluding that:

(1) Plaintiff was not "aggrieved" by any of Defendants' acts, omissions, orders or determinations, within the meaning of ORS 305.275(1)(a);

(2) Plaintiff had not properly exhausted all of the administrative remedies available prior to filing his appeal in the Magistrate Division, as required by ORS 305.275(1)(a)(E); and

---

[2] As explained in prior decisions, the facts available to the Regular Division generally include only those documents or other evidence submitted to this division, and facts of which the court may take judicial notice. *See, e.g., Shevtsov v. Dept. of Rev.,* 25 OTR 173 (2022). The Regular Division is bound by the formal rules of evidence and cannot simply import documents filed with the Magistrate Division because the Magistrate Division is *not* bound by the rules of evidence. *See id.* Without a pled or authenticated copy of Plaintiff's March 18, 2025, filing, this division, in considering Defendants' Rule 21 motions, is required to rely on the description in Plaintiff's complaint. *See id.* (on motion to dismiss, court relies on facts alleged in complaint, other evidence presented through declarations, giving plaintiff benefit of all favorable inferences).

(3) declaratory relief was not available because the Magistrate Division is not a court of record as required by ORS 28.010.

(*Id*. at 4-9.)

Plaintiff's complaint in this division appears to contest the magistrate's dismissal only as to "aggrievement" (Magistrate Division issue 1).[3]  Plaintiff essentially acknowledges that he had not yet exhausted his administrative remedies when he filed his complaint in the Magistrate Division (Magistrate Division issue 2),[4] and he acknowledges further that the Magistrate Division is not authorized to provide declaratory relief (Magistrate Division issue 3).[5] Nevertheless, in order to avoid losing the chance to litigate the merits of his constitutional and statutory arguments, Plaintiff asks this division to "[r]everse (or vacate) the Magistrate Division's dismissal" and to "preserve[ ]" and "retain jurisdiction over" certain "constitutional and statutory challenges"[6] to be adjudicated in this division under the Uniform Declaratory Judgments Act, ORS 28.010 to 28.160.  (Ptf's Compl at 12-14.)

B.  *Legal Background*

As this court held in *Salisbury v. Dept. of Rev.*,

---

[3] Plaintiff argues that the magistrate's determination that he was not aggrieved by the April 4, 2025, letter frames aggrievement too narrowly * * * ."  (Ptf's Compl at 10.)

[4] Plaintiff does not appear to contest his failure to exhaust administrative remedies. (*See id.* at 3 ("Exhaustion acknowledged; posture for stay.  Consistent with ORS 305.275(1)(a)(E) and Metro Code §§ 7.05.150–.160 (Administrator determination → 30-day protest → Administrator final determination (≤ 180 days) → RDAB decision → judicial review), Plaintiff seeks a brief stay to complete the final administrative steps while this Court retains jurisdiction for a de novo merits adjudication (including preserved constitutional/statutory issues) on a complete record."); *see also id.* at 5 ("April 4, 2025 – Auditor correspondence; *not* a final determination.  * * * It did not contain the finality language, reasoning, or appeal instructions required to trigger § 7.05.160's 30-day protest clock.") (emphasis in original).

[5] Plaintiff does not appear to contest the magistrate's determination that declaratory relief is available only in this division.  (*See id*. at 12 ("only a court of record may issue declaratory relief (ORS 305.405; ORS 28.010) * * *.").)

[6] Plaintiff lists, but asks the court to defer considering, arguments involving due process, uniformity, equal privileges and immunities, interstate commerce, and violations of Oregon statutes and ordinances.  (*Id*. at 12.).

> "the Regular Division's initial task in reviewing a magistrate's decision of dismissal is to determine whether that dismissal was proper. * * * * * If so, this division will likewise dismiss the appeal and issue a judgment against the party dismissed. If this division decides that dismissal was not appropriate, then this division will proceed to hear any procedural issues and the merits of the case."

24 OTR 497, 505 (2021) (citing cases). This rule effects the intention of the legislature, when creating the Magistrate Division as an informal, user-friendly forum, to require all cases to be heard there first, unless an exception applies. *See* ORS 305.501(1) (cases "shall be heard by a tax court magistrate" absent an exception); *Freitag v. Dept. of Rev.*, 19 OTR 144, 148-49 (2006) (construing ORS 305.501). Numerous decisions now enforce the rule, typically where dismissal is the result of a plaintiff's disobeying a court order or a rule. *See Salisbury*, 24 OTR at 509-13 (plaintiff taxpayer disobeyed order to allow county to enter his property to conduct a property tax appraisal); *Mughal v. Dept. of Rev.*, ___OTR ___ (Sept 27, 2024) (slip op at 32) (upholding dismissal where plaintiff taxpayers failed to show up to trial in person as ordered by magistrate); *Dept. of Rev. v. Ritchie Chevron, Inc.*, 14 OTR 406, 410-11 (1998) (plaintiff Department of Revenue failed to comply with court rule). Nevertheless, the rule applies equally in this appeal, where there is no evidence that Plaintiff has disobeyed a court order or engaged in other conduct suggesting a "fail[ure] to take the process in the Magistrate Division seriously." *Mughal v. Dept. of Rev.*, ___OTR ___ (Sept 27, 2024) (slip op at 32).

III.    ISSUES

A. Must this division dismiss Plaintiff's appeal on the ground that the magistrate's dismissal was proper?

B. To the extent that Plaintiff's complaint seeks declaratory relief independent of his appeal of the magistrate's decision, should this division dismiss the complaint?

C. Should any dismissal be with or without prejudice?

## IV.    ANALYSIS

### A. *Was the magistrate's dismissal proper?*

The court begins by examining whether the magistrate's dismissal was proper. Although this division decides that question *de novo,* in this case the court finds the magistrate's framing of three issues useful and applies it here.[7]

*Magistrate Division issue 1--aggrievement.* Although the issue of aggrievement is relevant, the court initially defers any analysis of it because the record on that issue is unclear.[8] The court never returns to that analysis because the court's conclusion as to exhaustion of administrative remedies (Magistrate Division issue 2) makes the aggrievement issue moot. This is because a plaintiff wishing to appeal under ORS 305.275(1)(a)(E) must both show aggrievement and exhaust any administrative remedies. As a result, nothing in this order expresses this division's view as to whether Plaintiff was aggrieved by acts or omissions of Defendants, within the meaning of ORS 305.275(1).

*Magistrate Division issue 2--exhaustion.* This division agrees with the magistrate's conclusion that Plaintiff had not exhausted his administrative remedies before the City as of the date he filed his complaint in the Magistrate Division. In any case involving a net income tax imposed by a local government, ORS 305.275(1)(a)(E) requires that the plaintiff "first exhaust[ ] all administrative remedies provided before the local government." *See* Or Laws 2023, ch 313, §§ 1, 8 (effective Sept 24, 2023).

---

[7] *See Salisbury*, 24 OTR 497, 205 (2021).

[8] The absence in the record of a copy of Plaintiff's March 18, 2025, letter makes it difficult to determine what harm Plaintiff was asserting at that time.

Key portions of the Metro Code provide the following administrative processes and remedies:

- *Assessments and refunds.* The City as administrator may "assess deficiencies and grant refunds" within the deadlines provided for state income taxes in ORS chapter 314. Metro Code § 7.05.150(a).

- *Taxpayer protest.* A taxpayer may "protest" any determination by the City, and the City must thereafter issue a "final determination." Metro Code § 7.05.160(a).

- *Taxpayer appeal to RDAB.* A taxpayer may then "appeal any final determination by the Administrator to the appeals board." Metro Code § 7.05.160(b). The "appeals board" means "the hearings body designated by the [City] to review taxfiler appeals from final determinations by the [City]." Metro Code § 7.05.020. The City has designated the "Revenue Division Appeals Board" (RDAB) as the body to hear an appeal of "[a]ny final determination" in a matter involving City of Portland Code § 7.02.290.C.; *see id.* § 7.02.295 (composition of RDAB).

- *RDAB hearing.* The RDAB must provide the taxpayer "written notice of the hearing date and location" at which the taxpayer and the City may present "relevant testimony, evidence, and oral argument," and the RDAB may request additional "written comment and documents" as appropriate. Metro Code § 7.05.160(e).

- *RDAB written decision.* The RDAB must issue its decision "in writing, stat[ing] the basis and legal authority for the decision * * *. [N]o further administrative appeal will be provided." Metro Code § 7.05.160(f)-(g).

The court finds it undisputed that there has been no RDAB decision on any matter at issue in this case. Plaintiff's complaint and response to the Motion, together with his voluntary supplement and status reports, state that Plaintiff has only recently "taken the next required step in the Metro Code §§ 7.05.150-.160 process by appealing to the [RDAB]" as to each of the years at issue. (Ptf's Second Status Report at 1.) Therefore, as to Magistrate Division issue 2, the court readily concludes that Plaintiff has not yet exhausted his administrative remedies provided by Metro through the City, as required under ORS 305.275(1)(a)(E).

*Magistrate Division issue 3.* The court readily agrees with the magistrate that dismissal was proper because the declaratory judgments act does not authorize the Magistrate Division to grant declaratory relief. *See* ORS 28.010 (act applies to "[c]ourts of record"); *Village at Main Street Phase II v. Dept. of Rev.*, 356 Or 164, 167, 339 P3d 428 (2014) ("The Magistrate Division is not a court of record * * *.").

The court concludes that, because Plaintiff had not satisfied all of the criteria of ORS 305.275(1) when he filed his appeal in the Magistrate Division, and because the Magistrate Division is not authorized to grant declaratory relief, the magistrate's dismissal of Plaintiff's complaint was proper.

B. *Apart from the magistrate's dismissal, should this division hear Plaintiff's complaint to the extent that it seeks declaratory relief?*

Plaintiff appears to ask the court to "preserve" his request for declaratory relief under the declaratory judgments act even if the court upholds the magistrate's decision of dismissal. However, the court concludes that Oregon case law requires the court to deny Plaintiff's request. In addition to the express, *statutory* exhaustion requirement in ORS 305.275(1)(a)(E) that applies in a local income tax appeal to the Magistrate Division, the *judicial* doctrine of exhaustion of administrative remedies applies generally, including in declaratory judgment cases. *See Fifth Avenue Corp. v. Washington Co.*, 282 Or 591, 615, 581 P2d 50 (1978) (denying declaratory relief where an adequate administrative remedy was available when lawsuit was commenced). As discussed above, Plaintiff is still pursuing his administrative remedies before the City; he must complete that effort before he can return to this court.[9] The court holds that it must

---

[9] The court inserts a note of caution. Nothing in this decision implies that a taxpayer who *has* exhausted all administrative remedies before the City may immediately "bypass" the Magistrate Division by filing a complaint for declaratory relief directly in the Regular Division when appeal to the Magistrate Division is available under ORS 305.275. *See Wynne v. Dept. of Rev.*, 342 Or 515, 520-21, 156 P3d 64 (2007) (plaintiff "does not explain why

dismiss Plaintiff's complaint to the extent that it seeks a declaratory judgment as an independent path for relief.

C. *Is dismissal with or without prejudice?*

The court's decision today does not bar Plaintiff from appealing in this court once he has exhausted his administrative remedies. *See Sandgathe v. Jagger,* 165 Or App 375, 996 P2d 1001 (2000) (holding that trial court's "dismissal of an action as premature" should have been without prejudice; applying principles of issue preclusion). The court will dismiss this appeal without prejudice.

In light of the foregoing, the court does not reach Defendants' argument that Plaintiff impermissibly seeks a "review of determinations of a local government related to the administration and distribution of a tax." Nor does the court reach any of the issues Plaintiff has identified under state statute, or under the state or federal constitutions. Now, therefore,

IT IS ORDERED that that Defendant Metropolitan Service District's Motion to Dismiss, joined by Defendant City of Portland, is granted in part and denied in part. Dismissal is granted without prejudice.

Dated this 10th day of February, 2026.

2/10/2026 9:13:46 PM

_____

Judge Robert T. Manicke

---

her request for declaratory and injunctive relief entitles her to sidestep the magistrate division. Plaintiff is not free to evade the legislatively prescribed scheme for review and remediation of her property tax valuation appeal by incorporating into her complaint a broad request for declaratory and injunctive relief, and arguing that the procedural path that she wishes to follow is more efficient than the path that the legislature has required.").